William RISK, Appellant (Plaintiff Below),

v.

Carl W. SCHILLING and, Schilling Farms, Appellees (Defendants Below).

No. 03S01–9104–CV–289.

Supreme Court of Indiana.

April 10, 1991.

Rehearing Denied June 3, 1991.

William W. Hurst, Scott S. Ballantine, Mitchell, Hurst, Jacobs & Dick, Indianapolis, Patrick W. Harrison, Beck & Harrison, Columbus, for appellant.

Lawrence McTurnan, Douglas R. Meyer, William K. Deer, McTurnan, Meyer & Cadwell, Indianapolis, Thomas N. Mote, Lawson, Pushor, Mote & Coriden, Columbus, for appellee Carl Schilling.

Richard S. Ewing, Rebekah F. Pierson, Stewart & Irwin, Indianapolis, for appellee Schilling Farms.

ON CIVIL PETITION TO TRANSFER

SHEPARD, Chief Justice.

This is one of four cases concerning the duty an Indiana landowner or occupier owes to his social guests to protect them from physical harm while they are on his premises.

C.W. Schilling and his three siblings own their family farm as a partnership called Schilling Farms. They lease the arable land to a tenant farmer. C.W. lives in a trailer on one corner of the property. In addition to his trailer, C.W. maintains a building on the land which he uses as a workshop for pursuit of his hobby, the restoration of old tractors. C.W. had the building moved onto the land from another location before the partnership was formed. C.W.'s siblings neither live on the land nor participate in C.W.'s hobby.

William Risk is a friend, neighbor, and former employee of C.W. He often walked to the farm to visit C.W. Risk assisted C.W. in the workshop on numerous occasions, always without compensation. On Friday, September 13, 1985, Risk went to the workshop and found C.W. using an acetylene torch. Moments after arriving, Risk noticed a spark land on a cardboard box. The box began to smolder, and Risk

moved to stomp it out. As Risk stomped the box, he saw a nearby plastic jug beginning to swell. Before Risk could could move to a safe spot, the jug exploded and sprayed him with scalding liquid. He was burned severely.

Risk sued C.W. and Schilling Farms seeking damages for his injuries. The case was tried to a jury. After the plaintiff presented his case, each defendant moved for a directed verdict. The trial court granted C.W.'s motion after finding that Risk was a licensee and that there was no evidence that C.W. had willfully or wantonly injured him. The court also granted Schilling Farms' motion for a directed verdict because there was no evidence that C.W. was acting within the ordinary course of partnership business when the injury occurred. The Court of Appeals affirmed. *Risk v. Schilling*, 549 N.E.2d 417 (Ind.App. 1990). We grant transfer.

■ Risk was clearly a social guest of C.W. Schilling. C.W. testified at trial that Risk came to his shop two or three times a week some weeks and once or not at all other weeks. Record at 181. C.W. also testified that Risk was welcome to be in the workshop whenever C.W. was there. Record at 182.

Risk came to C.W.'s workshop pursuant to a standing invitation, and he had every reason to believe that his friend would exercise reasonable care to protect his safety while he was in the workshop. For the reasons announced today in *Burrell v. Meads*, 569 N.E.2d 637 (Ind.1991), we hold that Risk was an invitee of C.W., and that C.W. owed him a duty of reasonable care for protection of his safety.

■ Schilling Farms, however, did not owe Risk the same duty. In the Court of Appeals, Risk argued that Schilling Farms was liable to him under premises liability principles and under the partnership principles articulated in Ind.Code § 23–4–1–13 (West 1979):

> Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership … the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

The Court of Appeals affirmed the trial court's determination that there was no evidence that C.W. was acting within the ordinary course of the partnership business when Risk was injured. We agree. Restoring tractors was C.W.'s hobby. There is nothing in the record to show that his hobby was related in any way to Schilling Farms' business of farming. C.W.'s siblings were aware of his hobby and did not object to it. There is nothing in the evidence, however, showing that they authorized the hobby.

In this Court, Risk based his argument solely upon premises liability principles. He argued that Risk's visits to C.W.'s workshop were related to the pecuniary advantage of Shilling Farms, that Risk was an invitee, and that Schilling Farms had a duty to exercise reasonable care for the protection of his safety. His argument fails for two reasons. First, for reasons discussed in *Burrell*, relation to pecuniary advantage or benefit is not an adequate test for invitee status. Second, Schilling Farms was the owner but not the occupier/possessor of the workshop in which Risk was injured.

The Restatement of Torts defines a possessor of land in the following fashion:

> A possessor of land is
>
> (a) a person who is in occupation of the land with intent to control it or
>
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

Restatement (Second) of Torts § 328 E (1965). From the testimony of C.W. and his sister/partner, Kathryn Cole, it is clear that C.W. was the sole occupier/possessor of his workshop under § 328 E. He moved the building onto the land before the part-

nership was formed, he was the only one of the four partners to use the workshop, and he—not the partnership—controlled who entered and exited the workshop. Because Schilling Farms did not exert control over C.W.'s workshop, it did not owe Risk a duty of reasonable care for protection of his safety. The trial court correctly granted Schilling Farms' motion for judgment on the evidence.

We vacate the opinion of the Court of Appeals. The judgment for Schilling Farms is affirmed. We remand this case to the trial court for a new trial of Risk's claim against C.W. Schilling.

DeBRULER, DICKSON and KRAHULIK, JJ., concur.

GIVAN, Justice, dissenting.[1]

I respectfully dissent from the majority opinion. The opinion reflects extended and careful research and gives an accurate portrayal of the existing law in Indiana and other jurisdictions on this subject. However, I cannot join the majority in its conclusion that a century of case-made law now should be overturned and social guests treated as invitees.

Our judicial system is grossly overburdened today with a litigious society in which citizens appear to be playing the judicial system as though it were a lottery. Today's decision will accelerate this situation. Under this decision, any person who entertains social guests on his premises can certainly not afford to do so unless he carries a large amount of insurance to protect him in such a situation. Even girded with generous insurance coverage, he must be prepared to endure prolonged litigation which has a great possibility to ensue.

I would leave the law as it is and deny transfer in this case.

---

[1]. This dissent was written in response to *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637 but is equally applicable to each of the following cases: *LeLoup v. LeLoup* (1991), Ind., 569 N.E.2d 648; *Risk v. Schilling* (1991), Ind., 569 N.E.2d 646; and *Parks v. Parks* (1991), Ind., 569 N.E.2d 644.