Dennis PARKS, Appellant (Plaintiff Below),

v.

Charles PARKS, Appellee (Defendant Below).

No. 30S01–9104–CV–290.

Supreme Court of Indiana.

April 10, 1991.

Robert C. Rupp, Indianapolis, for appellant.

John B. Drummy, Jennifer Staton Stoesz, Kightlinger & Gray, Indianapolis, for appellee.

---

1. This dissent was written in response to *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637 but is equally applicable to each of the following cases: *LeLoup v. LeLoup* (1991), Ind., 569 N.E.2d 648; *Risk v. Schilling* (1991), Ind., 569 N.E.2d 646; and *Parks v. Parks* (1991), Ind., 569 N.E.2d 644.

SHEPARD, Chief Justice.

This is one of four cases concerning the duty an Indiana landowner or occupier owes to his social guests to protect them from physical harm while they are on his premises.

The plaintiff in this case, Dennis Parks, is the brother and close friend of the defendant/landowner, Charles Parks. Over the years, the two men have helped each other perform a variety of tasks without compensation.

On the morning of May 14, 1988, Charles telephoned Dennis and asked for his help in constructing a carport on Charles' property. Dennis agreed to help, and he went to Charles' home that afternoon. Charles and Dennis, along with their younger brother Marvin, spent several hours digging holes and setting support posts for the carport. Once the poles were set, it became necessary to retrieve lumber from Charles' garage for use in completing the carport. Dennis decided to use his truck to move the wood.

Charles' driveway lay between Dennis and his truck. Charles had prepared the driveway for the installation of a new layer of gravel by placing a series of 2 × 4's along the drive. Each 2 × 4 was held in place by an eleven-inch piece of steel driven eight inches into the ground. Dennis was aware of the 2 × 4's but did not know about the steel stakes. As he walked toward his truck, he either knocked over a 2 × 4 or tripped on it and impaled his left foot on a steel stake. As a result, Dennis sustained severe damage to muscles, ligaments, joints and blood vessels in his foot.

Dennis sued Charles for negligence. Charles moved for summary judgment arguing that Dennis was a social guest/licensee at the time of his accident, and that Charles' only duty to him was to refrain from willfully or wantonly injuring him and to warn him of hidden perils. The trial court granted summary judgment. The Court of Appeals affirmed. *Parks v. Parks*, 562 N.E.2d 66 (Ind.App.1990). We grant transfer.

Dennis came onto Charles' property at Charles' express invitation. For the reasons announced today in *Burrell v. Meads*, 569 N.E.2d 637 (Ind.1991), we hold that Dennis was the invitee of his brother Charles and that Charles owed him a duty of reasonable care for protection of his safety.

We vacate the opinion of the Court of Appeals and remand this case to the trial court for a trial on the merits.

DeBRULER, DICKSON and KRAHULIK, JJ., concur.

GIVAN, Justice, dissenting.[1]

I respectfully dissent from the majority opinion. The opinion reflects extended and careful research and gives an accurate portrayal of the existing law in Indiana and other jurisdictions on this subject. However, I cannot join the majority in its conclusion that a century of case-made law now should be overturned and social guests treated as invitees.

Our judicial system is grossly overburdened today with a litigious society in which citizens appear to be playing the judicial system as though it were a lottery. Today's decision will accelerate this situation. Under this decision, any person who entertains social guests on his premises can certainly not afford to do so unless he carries a large amount of insurance to protect him in such a situation. Even girded with generous insurance coverage, he must be prepared to endure prolonged litigation which has a great possibility to ensue.

I would leave the law as it is and deny transfer in this case.

---

1. This dissent was written in response to *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637 but is equally applicable to each of the following cases: *LeLoup v. LeLoup* (1991), Ind., 569 N.E.2d 648; *Risk v. Schilling* (1991), Ind., 569 N.E.2d 646; and *Parks v. Parks* (1991), Ind., 569 N.E.2d 644.