**Sterlin Joseph LeLOUP, Appellant (Plaintiff Below),**

v.

**William LeLOUP & Betty Jean LeLoup, Appellees (Defendants Below).**

No. 64S04–9104–CV–288.

Supreme Court of Indiana.

April 10, 1991.

---

R. Cordell Funk, Funk & Foster, Hammond, for appellant.

Theresa L. Springman, Spangler, Jennings & Dougherty, Merrillville, for appellees.

---

SHEPARD, Chief Justice.

This is one of four cases concerning the duty an Indiana landowner or occupier owes to his social guests to protect them from physical harm while they are on his premises.

In this case, plaintiff Sterlin Joseph LeLoup (Joe) is the son of the defendants/landowners, William and Betty LeLoup. On the night of January 24, 1983, Joe went to his parents' home to return a torque wrench which he had borrowed from his father. As Joe hurried up his parents' ice and snow-covered driveway, he tripped on a concrete block and fell into a dismantled lawnmower. As a result of his fall, Joe suffered a severely broken arm and massive facial injuries including a damaged right eye and a broken nose.

Joe sued his parents for negligence. After reviewing the case file, the trial court concluded that Joe was a social guest/licensee as a matter of law. Because Joe did not claim that his parents willfully or wantonly injured him, the trial court concluded that his case could not survive a motion for judgment on the evidence. As a result, counsel for both sides agreed that the parents would file a motion for summary judgment and that Joe would preserve his right to appeal by filing a timely response. The motion and response were filed, the trial court granted summary judgment for the parents, and Joe perfected his appeal. The Court of Appeals reversed and remanded, holding that the record contained insufficient evidence of the relationship between Joe and his father for the court to determine that Joe was a social guest/licensee as a matter of law. *LeLoup v. LeLoup* (1990), Ind.App., 555 N.E.2d 1374. We grant transfer.

We begin by examining the evidence in light of the invitation test articulated today in *Burrell v. Meads,* 569 N.E.2d 637 (Ind. 1991). During his deposition, LeLoup testi-fied about the frequency of his visits to his parents' home:

Q. How many times had you been over to your [father's] house before this accident that winter? You go over there frequently, don't you?

A. I see him once in a while. Depends if he wants something or what I take him. If I could do something for him, I do it.

Q. I bet you were over there several times in the weeks before this accident, weren't you?

A. I—I don't remember. I've been there. You know, I go—

Q. Several times, weren't you?

A. I don't remember. But I do go there.

Record at 96–97. Joe's parents did not present any evidence that he was unwelcome on their property, or that he was welcome there only when they expressly invited him to come.

The parties to this case developed the evidence concerning Joe's status as an invitee or licensee and argued the motion for summary judgment with reference to the pecuniary interest test. As the evidence stands, it cannot be said that Joe was a licensee as a matter of law. It is therefore appropriate to vacate the judgment entered in favor of the parents.

We vacate the opinion of the Court of Appeals and remand this case to the trial court, which may consider additional motions for summary judgment or proceed to a trial on the merits.

DeBRULER, DICKSON and KRAHULIK, JJ., concur.

GIVAN, Justice, dissenting [1].

I respectfully dissent from the majority opinion. The opinion reflects extended and careful research and gives an accurate portrayal of the existing law in Indiana and other jurisdictions on this subject. However, I cannot join the majority in its con-

---

**1.** This dissent was written in response to *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637 but is equally applicable to each of the following cases: *LeLoup v. LeLoup* (1991), Ind., 569 N.E.2d 648; *Risk v. Schilling* (1991), Ind., 569 N.E.2d 646; and *Parks v. Parks* (1991), Ind., 569 N.E.2d 644.