**Jack K. DUNIFON and Jean C. Dunifon, Appellants–Defendants,**

v.

**Anthony Philip IOVINO, Appellee–Plaintiff.**

No. 02A04–9511–CV–450.

Court of Appeals of Indiana.

May 10, 1996.

Rehearing Denied July 10, 1996.

Robert L. Hartley, Jr., Shanda K. Beach, Deborah A. Mastrian, James W. Johnson, Henderson, Daily, Withrow & DeVoe, Indianapolis, for appellants.

Robert Owen Vegeler, Shane P. Lee, Beers, Mallers, Backs & Salin, Fort Wayne, for appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Defendants–Appellants Jack K. Dunifon and Jean C. Dunifon ("the Dunifons") appeal from the trial court's denial of their motion for summary judgment and grant of partial summary judgment finding that Plaintiff–Appellee Anthony Philip Iovino ("Iovino") was an invitee to whom the Dunifons owed the duty of reasonable care.

We affirm.

*ISSUES*

The following consolidated re-stated issues are presented for our review:

1. Whether the trial court erred when it determined as a matter of law that Iovino was an invitee.

2. Whether the trial court erred when it denied the Dunifons' motion for summary judgment finding that the Dunifons owed Iovino the highest duty of care and breach of that duty is a material issue.

3. Whether the trial court erred in finding that the Dunifons owned, possessed and controlled the land and the pier on which Iovino was injured.

## FACTS AND PROCEDURAL HISTORY

Many of the material facts surrounding Iovino's accident are undisputed. The Dunifons owned a lake cottage on Lake George in Steuben County, Indiana, and often allowed their children and grandchildren to use the cottage and lake to entertain friends. Meredith Dunifon is the Dunifons' high school age granddaughter. With her grandparents' permission, Meredith invited several classmates to the Dunifons' lake cottage for Memorial Day, 1991.

In preparation for the gathering, Meredith's father assisted in preparing a map and directions for Meredith to pass out to her friends at school. Meredith invited several friends, including Ryan Moore. On Memorial Day weekend, then–18 year old Iovino was staying with Moore at the Moore family's lake cottage near Lake George. On Memorial Day, Moore, Iovino and Scott Saunders came to the Dunifons' lake cottage pursuant to Meredith's invitation. Meredith knew Iovino from school, and when he arrived at the party with Moore, Meredith did not ask him to leave. In fact, upon arriving, Meredith's mother provided the group with a snack.

Shortly after the party began, the Dunifons left their property to go shopping at a nearby town; however, Meredith's parents remained on the property. Meredith and her friends enjoyed a day of boating, swimming and knee boarding behind the Dunifons' boat driven first by Meredith, and then by Meredith's father. Following the boating, several of the group went swimming, including Iovino. Without checking the depth of the water, Iovino dove off the end of the Dunifons' pier.[1] The water was approxi-

mately three feet deep and Iovino struck the bottom. He dove with his arms extended over his head, so his arms hit bottom first, followed by his head. Iovino sustained a broken neck which rendered him quadriplegic.

In December of 1992, Iovino filed a premises liability lawsuit against the Dunifons alleging their negligence. The Dunifons denied all material allegations in their answer. Although the Dunifons denied that they owed any duty to Iovino, they admitted that they did not warn Iovino or others regarding the shallow depth of the water, nor did they have any warning or "No Diving" signs posted on their property. In February of 1993, the Dunifons moved for summary judgment asserting that they were entitled to judgment as a matter of law. In support of their motion, the Dunifons designated the following evidentiary material: the pleadings; the affidavit and deposition of Jack Dunifon; the affidavit of Jean Dunifon; and specified portions of Iovino's deposition. Iovino responded by designating several material issues of fact. Iovino designated the following evidentiary material: the pleadings; specified portions of the depositions of Iovino, Jack Dunifon and Meredith Dunifon; the affidavit of Jack Dunifon; and Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

## STANDARD OF REVIEW

■ Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *L.K.I. Holdings, Inc. v. Tyner*, 658 N.E.2d 111, 118 (Ind.Ct.App.1995), *reh'g denied*. When filing a motion for summary judgment or a response thereto, the parties shall designate to the court all parts of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which they rely for purposes of the motion. *Id.* Once the movant has sustained its burden of showing that there is no genuine issue of material fact, the

---

1. The Dunifons originally had a 15–foot pier leading out into the lake, but replaced the original pier sometime after 1966 with a 40–foot pier

so that their boat could be docked at the pier without striking bottom.

burden shifts to the opponent who then must respond by setting forth specific facts showing a genuine issue for trial. *Id.*

When reviewing the trial court's decision on a summary judgment motion, we stand in the shoes of the trial court. We liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. Any doubt as to the existence of a factual issue should be resolved against the moving party. T.R. 56(C); *Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind.1991). The trial court's grant of summary judgment is clothed with a presumption of validity, and the appellant bears the burden of demonstrating the trial court erred. *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993). Summary judgment is rarely appropriate in negligence actions. *Kelly v. Ladywood Apartments*, 622 N.E.2d 1044, 1046 (Ind.Ct.App.1993), *reh'g denied, trans. denied.*

### DISCUSSION AND DECISION

This premises liability personal injury lawsuit arose when Iovino dove head-first off the dock in front of the Dunifons' lake-front property and was seriously injured. The Dunifons contend that the trial court erred when it denied their motion for summary judgment and granted partial summary judgment in favor of Iovino on the issue of visitor status. Specifically, the Dunifons argue that they are entitled to summary judgment regardless of Iovino's visitor status because they did not breach any conceivable duty owed to Iovino.

### I. Premises Liability

The Dunifons contend that the trial court erred when it determined Iovino's visitor status as a matter of law. The law is well-established that a person entering upon the land of another comes upon the land either as an invitee, licensee, or trespasser. *Smith v. Syd's, Inc.*, 570 N.E.2d 126, 132 (Ind.Ct.App.1991), *reh'g denied, vacated in part by* 598 N.E.2d 1065 (Ind.1992) (citing *Barbre v. Indianapolis Water Company*, 400 N.E.2d 1142, 1145 (Ind.Ct.App.1980)). The person's status on the land defines the nature of the duty owed by the landowner to the visitor. *Smith,* 570 N.E.2d at 132. Accordingly, the first step in resolving a premises liability case is to determine the plaintiff's visitor status. The visitor status then defines the duty owed from the landowner to the visitor. A person's status on the land, along with the duty owed, is a matter left for determination by the trial court, not the jury. *Smith,* 570 N.E.2d at 132 (citing *Indiana State Highway Commission v. Daily Express, Inc.*, 503 N.E.2d 1237, 1239 (Ind.Ct. App.1987)); *but see Duffy v. Ben Dee, Inc.*, 651 N.E.2d 320, 322 (Ind.Ct.App.1995), *reh'g denied, trans. denied* (whether plaintiff was an invitee or licensee is a question of fact not determinable at summary judgment level). We first determine whether the trial court erred when it determined as a matter of law that Iovino was an invitee to whom the Dunifons owed the duty of reasonable care.

### A. The Invitation Test

In *Burrell v. Meads*, 569 N.E.2d 637 (Ind.1991), *reh'g denied,* our supreme court undertook a comprehensive review of premises liability law in Indiana. The court formally adopted the "invitation test" as the analytical framework for deciding which visitors will be afforded invitee status. *Burrell,* 569 N.E.2d at 642. Using the adopted framework, the court announced three categories of individuals entitled to "invitee" status when on an occupant of land or landowner's property: the public invitee, the business visitor, and the social guest. *Id.* A social guest is one who enters an occupier or landowner's property pursuant to "an express or reasonably implied invitation." *Id.* at 643. As our supreme court said in *Burrell,* "the invitation itself must be the first step of any inquiry into invitee status." *Id.* at 642.

### B. Application of *Burrell*

In the present case, Meredith and her father prepared directions to the Dunifons' lake cottage which Meredith passed out to several of her classmates at school. The following facts are undisputed: Meredith expressly invited Ryan Moore to the Dunifons' lake cottage for Memorial Day; Meredith was acquainted with Iovino from school; Iov-

ino was spending Memorial Day weekend with Ryan Moore and his family at their lake cottage on a nearby lake; on Memorial Day, Iovino and Scott Saunders came to the Dunifons' lake cottage with Moore, pursuant to Meredith's invitation to Moore. While it is disputed whether Meredith expressly invited Iovino, this disputed factual issue is not material to the outcome of this litigation. A fact is material if its existence facilitates the resolution of an issue involved. *Baxter v. Galligher,* 604 N.E.2d 1245, 1247 (Ind.Ct.App. 1992). We can say with confidence that the undisputed facts establish that, at the very least, Iovino was at the Dunifons' lake cottage under a reasonably implied invitation. *See Smith,* 570 N.E.2d 126, *"implied invitee" issue adopted and incorporated by reference by Smith v. Syd's, Inc.,* 598 N.E.2d 1065.

When Moore arrived with Iovino and Saunders, Meredith did not ask Iovino to leave, nor did she confront him about whether he had been invited. Meredith engaged in pleasantries with Iovino upon the groups' arrival and generally treated Iovino as a social guest. We therefore hold that the trial court did not err when it determined as a matter of law that Iovino was a social guest and therefore an invitee under the dictates of *Burrell,* 569 N.E.2d 637.[2]

### II. Negligence

 To recover on a theory of negligence, a plaintiff must establish three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff proximately caused by the breach. *Woods v. Qual–Craft Industries, Inc.,* 648 N.E.2d 1198, 1201 (Ind.Ct. App.1995), *trans. denied* (citing *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991), *reh'g denied* ).

### A. Duty

 In the absence of the existence of a duty, there can be no negligence. *Schrum*

*v. Moskaluk,* 655 N.E.2d 561, 565 (Ind.Ct. App.1995), *trans. denied.* A landowner owes the highest duty of care to an invitee; that is the duty to exercise reasonable care for his protection while he is on the landowner's property. *Burrell,* 569 N.E.2d at 639 (citing *Hammond v. Allegretti,* 262 Ind. 82, 311 N.E.2d 821 (1974)). The *Burrell* court adopted the Restatement's definition of this duty:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Burrell,* 569 N.E.2d at 639–640 (citing Restatement (Second) of Torts § 343 (1965)). Therefore, the Dunifons, as landowners, owed Iovino, an invitee, the duty to exercise reasonable care for Iovino's protection while he was on the Dunifons' premises. The Dunifons owed Iovino a duty to exercise reasonable care to discover conditions that involved an unreasonable risk of harm to invitees who would not realize the danger, or who would fail to protect themselves against it.

In its order denying the Dunifons' motion for summary judgment, the court said that

The Dunifons, as owners of their cottage, knew the depth of the water at the end of the pier, the condition of the bottom soil, and the murkiness of the water when used by boaters. They also realized that diving off of the end of that pier into three feet of water would involve an unreasonable risk of harm to invitees.

(R. 338). Thus, the court held that the Dunifons owed Iovino the duty of reasonable care as a matter of law, but that breach of that

---

2. We note that the Dunifons also argued in their motion for summary judgment that the Recreational Use Statute, IND.CODE 14–2–6–3, insulated them from liability. I.C. 14–2 was repealed by P.L. 1–1995, SEC. 91, effective July 1, 1995. The parties did not address this argument in their appellate briefs.

duty is a genuine issue of material fact to be left for consideration by a jury.

The undisputed designated material establishes that Meredith dove off the end of the pier on Memorial Day and had done so in the past; that Iovino observed at least part of Meredith's dive; that Iovino observed Tyler Folk do a "belly flop dive" off the end of the pier just seconds before Iovino dove from the same part of the pier; there were neither warning signs nor "No Diving" signs on any part of the Dunifons' property including their pier; there are "No Diving" signs or "Shallow Water" signs on the public boat ramps on Lake George; the Dunifons knew that the water was very shallow at the end of their pier; the water at the end of the pier was murky and covered with seaweed and plant growth; the Dunifons replaced their original 15–foot pier with the existing 40–foot pier so that their boat would not strike bottom when docking to the pier; Iovino did not know the depth of the water where he dove, nor did he check the depth or otherwise inquire into the depth of the water prior to diving; nobody .warned Iovino or any of the guests of the hazards of diving off the end of the pier; when Iovino swam earlier in the day, he entered the water from the shore; Iovino had never been to the Dunifons' lake cottage and based on several observations, he thought that the water was deep enough to make a safe dive off the end of the pier. The undisputed facts contained in the designated material are sufficient to expose the Dunifons to liability as possessors of land pursuant to the Restatement § 343.

### B. Breach

■ The evidence reveals that Mr. Dunifon was aware of the shallowness of the water near the pier. He stated in his deposition testimony that he had observed Meredith dive into the lake from the pier in the past but that he had told her not to because it made him nervous. It is further apparent from the record that Mr. Dunifon was aware of the murky nature of the water especially when there was boat activity on the lake. There is also a significant amount of evidence in the record to suggest that Iovino had prior experience with swimming in lakes and understood and appreciated the danger of diving into shallow water. Although Iovino did not know the depth of the water near the pier, he saw Meredith make a successful dive from the same part of the pier earlier in the day and saw Tyler Folk jump off the pier just seconds before he dove. Based on these observations on the day of the injury, he thought he could safely dive from the pier. Unfortunately for Iovino, he misjudged the situation. While we need not consider the comparative knowledge of the landowner and the invitee in assessing whether a duty exists, comparative knowledge of the parties is a factor in determining whether that duty has been breached. *Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind.1990).

Viewing the evidence in the light most favorable to Iovino, we find that there are unresolved factual issues as to whether the Dunifons breached their duty of reasonable care. As there exists conflicting evidence and evidence which arguably leads to conflicting inferences, the trial court correctly determined that breach of the duty of reasonable care is better left for a jury to decide.

### III. Possessor of Land

■ As their final argument, the Dunifons argue that they cannot be held liable for Iovino's injuries on the basis of premises liability, because they neither own nor control Lake George. The trial court held as a matter of law that the Dunifons have riparian rights pursuant to I.C. 13–2–4–5.[3] The trial court issued its order on September 8, 1995, and therefore should not have relied on the repealed statute.

Section 343 of the Restatement imposes liability upon a "possessor of land." The Restatement defines a possessor of land as follows:

A possessor of land is

(a) a person who is in occupation of the land with intent to control it or

---

**3.** While I.C. 13–2 was repealed by P.L. 1–1995, SEC. 91, effective July 1, 1995, we need not consider that statute because the Dunifons are clearly possessors of land pursuant to § 328(E) of the Restatement.

(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Risk v. Schilling*, 569 N.E.2d 646, 647 (Ind. 1991), *reh'g denied* (citing Restatement (Second) of Torts § 328(E) (1965)). Based on the undisputed evidence contained in the designated material, the Dunifons possessed and controlled the area adjacent to the pier and owned the instrumentality from which Iovino dove. We therefore find that the trial court correctly determined that the Dunifons were subject to premises liability for Iovino's injuries.

## CONCLUSION

Considering the designated evidence in the light most favorable to Iovino, we find that the trial court correctly determined that there remain material issues of fact as to whether the Dunifons breached their duty to exercise reasonable care and hence denied the Dunifons' motion for summary judgment. We further find that the trial court correctly determined as a matter of law that the Dunifons, as owners and possessors of land, were subject to premises liability and that Iovino was an invitee to whom the Dunifons owed the duty of reasonable care.

Affirmed.

DARDEN and CHEZEM, JJ., concur.