Michael **HAYDEN**, Appellant,

v.

**LINTON–STOCKTON CLASSROOM TEACHERS ASSOCIATION,**
Appellee.

No. 28A01–9703–CV–89.

Court of Appeals of Indiana.

Aug. 7, 1997.

Publication Ordered Oct. 2, 1997.

William F. Diehl, Gagnon & Diehl, Indianapolis, Milton L. Chappell, Kristian M. Dahl, Springfield, for Appellant–Defendant.

Richard J. Darko, Lowe Gray Steele & Darko, Indianapolis, for Appellee–Plaintiff.

## OPINION

ROBERTSON, Judge.

Michael Hayden appeals the grant of summary judgment in favor of the Linton–Stockton Classroom Teachers Association in the Association's lawsuit to collect a fair share fee from Hayden. He presents the following issues

I Did the trial court err in finding the fair share contract requirement was valid when this Court has held that such fee provisions are fundamentally flawed and unconstitutionally infringe on the First Amendment rights of teachers?

II Did the trial court err in granting summary judgment based on approval of non-binding arbitration in a non-arbitration case, when such issues should be reviewed *de novo*?

III Did the trial court err in granting summary judgment to the union when discovery, including examination and questioning of critical time records, had not been completed at

the time of the summary judgment hearing?

IV Did the union, as required by this Court and the Supreme Court, affirmatively prove the exact nature of its activities and precise amount of its expenditures for the 1994–1995 school year that were chargeable to Hayden as fair share fees when its request for summary judgment was based only on cumulative summary documents and the self-servicing affidavits containing hearsay and conclusory assertions of interested and biased union officials?

V Did the court err in granting summary judgment to the union when the union failed to introduce any of the completed time records of its employees, especially when the allocation of the union's payroll and related costs, which represents roughly 70% of its total expenditures, was based solely on those time records?

VI Did the trial court err in granting summary judgment to the union when the credibility of the plaintiff witnesses, who allege which expenses are in fact chargeable, was called into question in a filed affidavit evidencing bias?

We affirm.

█ The purpose of summary judgment is to end litigation about which no factual dispute exists and which may be determined as a matter of law. *Ford v. Madison–Grant Teachers Association*, 675 N.E.2d 734, 736 (Ind.Ct.App.1997), *trans. denied.* When we review a grant of summary judgment, we face the same issues as the trial court and carefully scrutinize the trial court's determination to ensure that the party which did not prevail was not improperly denied its day in court. *Id.* On appeal, the trial court's grant of summary judgment is clothed with a presumption of validity. *Id.* The appellant bears the burden to prove the trial court erroneously determined that no genuine issue of material fact exists and that the movant was entitled to judgment as a matter of law. *Id.* We liberally construe all inferences and resolve all doubts in the nonmovant's favor. *Id.* Despite a conflict in facts and inferences on some elements of a claim,

summary judgment may be proper when no dispute exists with regard to the facts which are dispositive of the litigation. *Id.*

Hayden is not a member of the Association but is a teacher which the Association represents as the exclusive bargaining representative for the employees of the Board of School Trustees of the Linton–Stockton School Corporation. The master contract between the school board and its teachers contained a fair share provision which obligated non-member teachers to pay their fair share of expenses for collective bargaining activities of the Association and its state and national affiliates. The Association estimated the fair share fees for the 1993–94 school year and informed the non-member teachers of the amount. Hayden objected to the fair share fees and did not pay them. The Association submitted the matter to an arbitrator, who determined the fair share fees to be $371.44. The Association eventually filed a lawsuit to collect this amount from Hayden, and the trial court ultimately granted summary judgment:

> The Court has reviewed the designated materials of the parties to this lawsuit with the exception of the exhibits numbered 2A through 9B of Arbitrator Theodore K. High's Determination of Representation of 1994–95. The Court finds that the determination of Arbitrator High is appropriate and in compliance with the laws of the State of Indiana. The Court further finds that the agreement between the Linton–Stockton Classroom Teachers Association provides for a fair share payment by non-members of the Association. The Court finds that there are no other issues of material fact which would affect the outcome of this lawsuit.
>
> It is now ordered and decreed that the [Association's] Motion for Summary Judgment is granted and judgment now entered in favor of [the Association] and against [Hayden] in the sum of three hundred seventy one dollars and forty-four cents ($371.44) as prayed in the [Association's] complaint plus the costs of this action.

Additional facts appear below.

I

█ Hayden first claims that the fair share fee provision in the master contract is

fundamentally flawed and unconstitutionally infringes upon his First Amendment rights. Hayden did not designate any material related to such a First Amendment claim to the trial court. Our rules provide that no judgment rendered on a motion for summary judgment shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. Ind.Trial Rule 56(H). Therefore, Hayden has not shown he is entitled to relief on this issue.

## II

Hayden claims that the trial court should have reviewed the designated material and not merely approved of the non-binding decision of the arbitrator. The judgment sufficiently demonstrates that the trial court engaged in an independent review of the designated materials. Again, Hayden has not shown he is entitled to relief on this issue.

## III

Hayden next claims that the trial court should not have entered summary judgment when discovery had not yet been completed. The record shows that the Association filed its complaint on September 26, 1995. During the course of the proceedings, Hayden sought the production of some 33,300 documents from the state and national affiliates of the Association. Those entities informed Hayden that he could inspect the documents in Indianapolis, Indiana, and Washington, D.C. After the Association had moved for summary judgment, Hayden suggested that the trial court should not rule on the motion until the completion of discovery. He also suggested that he be permitted to join this case with similar litigation in other counties. The trial court entered summary judgment in favor of the Association on November 14, 1996.

 If a party desires another party to produce documents, the proper method to compel such production would be through a motion to produce documents. *Burger Man, Inc. v. Jordan Paper Products,* 170 Ind.App. 295, 352 N.E.2d 821 (1976), *trans. denied.* A party may not wait until the last possible moment to act and then rely upon the discovery rules and expect the court to halt its proceedings in order to accommodate his motion. *Chustak v. Northern Indiana Public Service Co.,* 259 Ind. 390, 288 N.E.2d 149 (1972).

 Hayden should have filed a motion to compel the production of the documents. In light of his inaction, we cannot conclude that the trial court improperly ruled on the motion for summary judgment.

## IV

Hayden claims the Association did not adequately prove the exact nature of chargeable expenses which contributed to the fair share fee. He claims the designated materials contain hearsay statements and conclusory assertions from biased union officials.

 Hayden generally states that the Association did not affirmatively prove chargeable expenses. We conclude that the affidavits and materials the Association submitted to the trial court are sufficiently detailed to affirmatively prove chargeable expenses. Hayden has not identified any specific expense or any amounts the Association included in the calculation which he claims should have been excluded. Hayden has not demonstrated that a genuine issue of material fact exists here.

 Hayden generally objected to hearsay in the materials from the Association. Yet, he specifically identified only one example of hearsay. As for the alleged hearsay statements which Hayden has not identified, he has not shown they create a genuine issue of material fact. The one specified example of alleged hearsay addressed the times the staff members of the state affiliate of the Association had spent on chargeable and nonchargeable activities. Hayden has not stated exactly how the information amounts to hearsay and therefore has not demonstrated that it created a genuine issue of material fact.

 Hayden also claims that the Association's affiants were biased because they do not like nonmembers and because they

had a stake in the result of the proceedings. He contends that the bias raised questions about their credibility and, in essence, that a jury could disbelieve their assertions and return a verdict in his favor. We have noted that summary judgment is inappropriate if a reasonable trier of fact could choose to disbelieve the movant's account of the facts. *McCullough v. Allen,* 449 N.E.2d 1168, 1172 (Ind.Ct.App.1983). Hayden's claim of bias is a factor common to conflicts between parties who oppose each other. A reasonable trier of fact could not have chosen to disbelieve the affiants' calculations of chargeable fees merely because Hayden chose not to become a member of the Association or pay the fair share fee. Hayden has not established the existence of a genuine issue of material fact.

 Hayden finally claims that the assertions of the affiants are merely conclusions they have drawn and not facts which support summary judgment. These statements are, in fact, inferences the affiants drew from other evidence. The inferences Hayden himself advances are not based upon evidence but upon speculation. Hayden has not shown that a genuine issue of material fact exists here.

### V

Hayden claims that the Association could not have established the lack of a genuine issue of material fact without having offered and designated the completed time reports from the staffs of the Association and its affiliates. He states that the assertions of the affiants are merely conclusions. Again, however, they are inferences the affiants drew from the evidence. Once more, the inferences Hayden wishes to draw, such as the staff reports were completed incorrectly, are based upon nothing more than speculation. More complete discovery would have served Hayden well; and as noted above, he should have filed a motion to compel the production of documents. He has not demonstrated that a genuine issue of fact exists here.

### VI

Hayden finally claims that one of his affidavits demonstrated bias on the part of employees of the union. We addressed the issue of bias earlier in this opinion. Hayden has not established the existence of a genuine issue of material fact.

Judgment affirmed.

BAKER and RILEY, JJ., concur.

### ORDER

This Court having heretofore handed down its opinion in this appeal on August 7, 1997 marked "Memorandum Decision, Not for Publication"; and

Comes now the appellee, by counsel, and files herein its Motion to Publish Opinion, alleging therein that at this time approximately 120 cases are pending in the trial courts of Indiana, brought by local affiliates of the Indiana State Teachers Association, to collect fair share fees for years 1992–93 through 1995–96, that the opinion discusses various issues which are common to these cases and that it would be helpful to the trial courts presiding over the many fair share cases in resolving the issues in those cases, which said Motion to Publish Opinion is in the following words and figures, to-wit:

(H.I.)

And the appellant, by counsel, having thereafter filed his Motion Opposing Appellee's Motion to Publish Opinion in response to this Court's order to show cause, which said Motion is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined these matters, and being duly advised, now finds that the appellee's Motion to Publish Opinion should be granted and this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The appellee's Motion to Publish Opinion is granted and this Court's opinion heretofore handed down in this cause on August

7, 1997 marked "Memorandum Decision, Not for Publication" is now ordered published.