Diane HELTON, Appellant–Plaintiff,

v.

Jeff HARBRECHT, Appellee–Defendant.

No. 45A03–9802–CV–47.

Court of Appeals of Indiana.

Nov. 25, 1998.

---

Frederick J. Ball, Stephen E. Scheele, Goodman, Ball, Van Bokkelen, Leonard & Kline, Highland, for Appellant–Plaintiff.

John P. McQuillan, James R. Ahler, Spangler, Jennings & Dougherty, Merrillville, for Appellee–Defendant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Diane Helton (Diane) appeals from the trial court's grant of summary judgment in favor of Defendant–Appellee Jeff Harbrecht Construction Company (Harbrecht Construction).

We affirm.

### ISSUE

One issue is presented for our review, which we re-state as: whether the trial court erred in granting Harbrecht Construction's motion for summary judgment.

### FACTS AND PROCEDURAL HISTORY

This action was commenced after Diane Helton sustained injuries on September 18, 1993, while visiting the construction site of her son's future home. Prior to the date of injury, Richard Helton, Diane's son, contracted with Harbrecht Construction for the construction of his future home. At the time of the injury, the house was in the latter stages of the framing process, and Harbrecht Construction's employees had temporarily moved to another job site. On September 18, 1993, Diane went to the construction site located in Cedar Lake, Indiana, to show some friends the frame of her son's home. The house was a two-story with a wrap-around porch; however, neither the stairs for the porch nor the interior stairs had been erected. There was a ladder in place on the interior of the house leading to the second level. Diane, who wanted to show the upstairs to her friends, climbed the ladder and gained access to the second floor. On her descent, Diane fell off the ladder and sustained injury.

On September 15, 1995, Diane filed suit against Harbrecht Construction alleging negligence and personal injuries. In August of 1997, Harbrecht Construction filed its motion for summary judgment arguing that it owed no duty to Diane and was entitled to judgment as a matter of law. Following a hearing, the trial court granted Harbrecht Construction's motion. Specifically, the court found as follows:

> It is agreed that on the day of the accident, Mr. Richard Helton was the owner of the property and was present on the property doing electrical construction and installation work. He was clearly in control of the construction site when his mother, the Plaintiff, asked for permission to come on the site and when she fell.

> Defendant owed no duty to Plaintiff at the time she fell. Further, not having control of the site on the day of the accident, Defendant cannot be liable on the theory of *Res Ipsa Loquitur.*

(R. 249). Diane appeals from this order.

### DISCUSSION AND DECISION

Summary judgment is appropriate only where the designated evidentiary materials show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The party seeking summary judgment bears the burden of establishing the propriety of the motion. *Fast Eddie's v. Hall,* 688 N.E.2d 1270, 1272 (Ind.Ct.App. 1997), *reh'g denied.* Once the movant has sustained this burden, the non-moving party must respond by setting forth evidence to show that a genuine issue exists for trial. *Id.* When the defendant is the moving party, as here, he must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense which bars the plaintiff's claim. *Moore v. Sitzmark Corp.,* 555 N.E.2d 1305, 1307 (Ind. Ct.App.1990).

On appeal, the appellant bears the burden to prove that the trial court erroneously determined that no genuine issue of material fact exists and that the movant was entitled to judgment as a matter of law. *Hayden v. Linton–Stockton Classroom Teachers Ass'n,* 686 N.E.2d 143, 145 (Ind.Ct.App.1997). We

liberally construe all inferences and resolve all doubts in the nonmovant's favor. *Id.* Despite a conflict in facts and inferences on some elements of a claim, summary judgment may be proper when no dispute exists with regard to the facts which are dispositive of the litigation. *Id.*

Diane alleged in her complaint that Harbrecht Construction was in control of the construction site on the date of her injuries, and that Harbrecht Construction's negligence caused her injuries. Specifically, Diane argued that Harbrecht Construction was negligent in failing to properly secure the work site and in leaving the ladder at the site. Alternatively, Diane alleged that Harbrecht Construction should be held liable under the theory of *res ipsa loquitur.* In its motion for summary judgment, Harbrecht Construction argued that it was not in control of the premises at the time of Diane's fall and therefore owed her no duty. Having negated an essential element of negligence, Harbrecht Construction argues that it is entitled to judgment as a matter of law.

■ To recover on a theory of negligence, the plaintiff must establish: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure on the part of the defendant to conform his conduct to the requisite standard of care; and (3) an injury to the plaintiff proximately caused by the breach. *Ebbinghouse v. First-Fleet, Inc.,* 693 N.E.2d 644, 647 (Ind.Ct.App. 1998), *trans. denied.* Absent a duty, there can be no breach, and therefore, no negligence. *Id.* In *Webb v. Jarvis,* our supreme court set forth three factors to consider in determining whether a duty exists. 575 N.E.2d 992, 995 (Ind.1991). Specifically, we must consider and balance the following factors: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured, and (3) public policy concerns. *Id.* Whether the law recognizes an obligation on the part of a particular defendant to conform his conduct to a certain standard for the benefit of the plaintiff is generally a question of law for the court. *Ebbinghouse,* 693 N.E.2d at 647.

The undisputed facts reveal that Rick Helton entered into a contractual relationship with Harbrecht Construction in early 1993, in which Harbrecht Construction agreed to act as general contractor for the construction of Rick's future home. Harbrecht Construction contractually agreed to "furnish all materials and perform all the labor necessary for the completion of" the proposed home. (R. 139). The total contract price for the home was $122,700; however, the price was reduced by $16,450 for various work that Helton was to do himself. Helton was an electrician and planned to complete all of the electrical work, as well as all painting, staining, drywall, staking and surveying and installation of interior flooring.

In opposing summary judgment, Diane relies on a recent opinion wherein we found that a factual issue existed regarding control of a partially constructed home. *Carroll by Carroll v. Jagoe Homes, Inc.,* 677 N.E.2d 612 (Ind.Ct.App.1997), *trans. denied,* 690 N.E.2d 1181 (Ind.1997). In *Carroll,* a nine-year old boy was injured when he fell through insulation in a house under construction by Homes, Inc. The property was owned by another entity known as Homes & Construction. The child and his mother brought suit against the property owners and the contractor. Homes & Construction moved for summary judgment arguing that it had nothing to do with the construction of the home and therefore owed no duty to those coming onto the property. The issue before the trial court was whether Homes & Construction, the developer and owner of the property, had "control" over the partially-constructed house. Homes & Construction argued that Homes, Inc., was the only party actually involved with the construction of the house, and hence the only party in control of the premises. The trial court agreed and entered summary judgment in favor of the developer.

On appeal, we relied on the supreme court's opinion in *Risk v. Schilling,* 569 N.E.2d 646 (Ind.1991), *reh'g denied.* In *Risk,* the court held that "[o]nly a party who exerts control over the premises owes a duty to persons coming onto the premises." *Id.* at

648. A "possessor of land" or a party exerting control over land is defined as follows:

(a) a person who is in occupation of the land with intent to control it or

(b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it; or

(c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Risk,* 569 N.E.2d at 647 (quoting Restatement (Second) of Torts § 328E (1965)). After applying these factors and reviewing the designated evidentiary material, the *Carroll* court found that a genuine issue of material fact existed as to whether the developer controlled the property such that it owed a duty to others. 677 N.E.2d at 616.

 Turning to the case before us, it is undisputed that Harbrecht Construction acted as the general contractor for the job. As general contractor, Harbrecht Construction performed many roles and undertook many responsibilities. For instance, Harbrecht Construction hired all subcontractors; directed the progress of their work; demanded proof of insurance from each subcontractor working on the premises; and carried general work site liability insurance. It is further undisputed that no employees of Harbrecht Construction were physically at the job site on the day of the accident. Prior to the accident, Harbrecht Construction had completed the rough framing of the house and had moved to another job site in Munster, Indiana. On the date of Diane's accident, Harbrecht Construction's employees had been away from the job site for approximately one month. During the time of the accident, the owner of the property, Rick Helton, was completing the necessary electrical work in the house. Helton testified via affidavit that, at the time of the accident, he did not own a ladder similar to the one described by his mother. Helton further testified that all equipment and materials used in the construction of his home were provided exclusively by Harbrecht Construction and/or hired subcontractors of Harbrecht Construction. Jeff Harbrecht, owner of Harbrecht Construction, testified that his company owned several ladders; however, none of them were similar to the ladder from which Diane fell.

 Although there are conflicting facts regarding the ownership of the ladder, we find that the evidence is undisputed as to Harbrecht Construction's exercise of control over the premises at the time of the accident. Despite a conflict in facts and inferences on some elements of a claim, summary judgment may be proper when no dispute exists with regard to the facts which are dispositive of the litigation. *Hayden,* 686 N.E.2d at 145. The undisputed evidence shows that Harbrecht Construction did not exert control over the premises at the time of Diane's injury and therefore owed no duty to her. *See Risk,* 569 N.E.2d at 648 (Only a party who exerts control over the premises owes a duty to persons coming onto the premises).

For the foregoing reasons, we affirm the trial court's entry of summary judgment in favor of Harbrecht Construction.

Affirmed.

RUCKER and GARRARD, JJ., concur.