**Judy D. REED and Gary D. Reed, Appellants–Plaintiffs,**

v.

**BEACHY CONSTRUCTION CORP., and Ron and Isabelle Johnson, Appellees–Defendants.**

No. 34A04–0202–CV–90.

Court of Appeals of Indiana.

Dec. 27, 2002.

Publication Ordered Jan. 17, 2003.

Daniel J. Harrigan, Bayliff Harrigan Cord & Maugans, P.C., Kokomo, IN, Attorney for Appellants.

Bryce H. Bennett, Jr., Michael Patrick Dugan, J. Richard Moore, Riley Bennett & Egloff, LLP, Indianapolis, IN, Attorneys for Appellees, Ron and Isabelle Johnson.

Donald J. Tribbett, Scott L. Starr, Starr Austen Tribbett Myers & Miller, Logansport, IN, Attorneys for Appellee, Beachy Construction Corp.

## OPINION

BARNES, Judge.

### Case Summary

Judy Reed appeals the entry of summary judgment in favor of Ron and Isabelle Johnson and Beachy Construction Corporation ("Beachy") in her negligence action against them. We affirm as to the Johnsons but reverse the entry of summary judgment in favor of Beachy.

### Issue

The issues before us may be summarized as whether the trial court properly entered summary judgment in favor of the Johnsons and Beachy.

### Facts

Reed initiated this suit to recover damages for an injury she sustained on June 21, 1998. On that day, she visited the Johnsons' home, which was one of several homes available for viewing in a "Parade of Homes" tour sponsored by the Home Builders Association of Howard County ("Home Builders"). Reed fell on the stairs of the rear deck while visiting the home, suffering injuries to her ankle.

On October 22, 1999, the Reeds filed suit against Home Builders, Beachy (the builder of the home), the Johnsons, and Diamond C Fencing (the company that built the rear deck). The Johnsons filed a summary judgment motion alleging no duty to Reed, namely because they were not in possession of the home at the time of the home show. Beachy also filed a summary judgment motion, claiming that although it built the home, it did not build the deck where Reed fell and, therefore, could not be liable for Reed's injuries. On February 9, 2001, the trial court granted the Johnsons' and Beachy's motions. In so doing, the trial court found that neither Beachy nor Johnson "had control of the construction of the item in question, the deck. Neither party had any part in the design, installation or maintenance of such deck." App. ex. "A." Because of the pendency of the claims against the other defendants, final judgment was not entered until February 8, 2002. Reed now appeals.[1]

### Analysis

Indiana Trial Rule 56(C) provides that a summary judgment movant must show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The movant must designate sufficient evidence to foreclose the nonmovant's reasonable inferences and eliminate any genuine factual issues. *Butler v. City of Peru,* 733 N.E.2d 912, 915 (Ind.2000). Once the movant has put forward evidence to establish this, the burden shifts to the nonmovant to make a showing sufficient to establish the existence of a genuine issue for trial on each challenged element of the

1. Home Builders and Diamond C Fencing are not parties in this appeal.

cause of action. *Id.* A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Young v. General Acceptance Corp.,* 738 N.E.2d 1079, 1088 (Ind.Ct.App.2000), *reversed in part on other grounds,* 770 N.E.2d 298 (Ind.2002). Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *Id.*

▇▇▇▇ On appeal, we are bound by the same standard as the trial court, and we consider only those matters that were designated at the summary judgment stage. *Id.* We do not weigh the evidence, but we liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Id.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Id.* Specific findings and conclusions by the trial court are not required, and although they offer valuable insight into the rationale for the judgment and facilitate our review, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment. *Id.*

▇▇▇▇ Reed's suit is based on the theory that the Johnsons and Beachy owed a duty of care to her, which they violated by permitting public guests to access the allegedly unsafe deck. In a negligence action, the plaintiff must prove three elements: 1) a duty owed to the plaintiff, 2) a breach of that duty by the defendant, and 3) the breach proximately caused the plaintiff's damages. *Taylor v. Duke,* 713 N.E.2d 877, 880 (Ind.Ct.App.1999). A defendant is entitled to summary judgment "by demonstrating that the undisputed material facts negate at least one element

of the plaintiff's claim." *U–Haul International, Inc. v. Mike Madrid Co.,* 734 N.E.2d 1048, 1052 (Ind.Ct.App.2000).

▇▇▇▇ The person's status on the land defines the nature of the duty owed by the landowner to the visitor. *Dunifon v. Iovino,* 665 N.E.2d 51, 55 (Ind.Ct.App. 1996), *trans. denied.* Accordingly, the first step in resolving a premises liability case is typically to determine the plaintiff's visitor status. *Id.* However, the issue in this case is not Reed's status, but rather the extent to which the Johnsons and Beachy possessed and controlled the premises such that they had any duty to Reed. If we were to conclude that neither had sufficient possession of the property to create a duty, as the trial court concluded, then the Johnsons and Beachy would prevail on their summary judgment motions because Reed's negligence claims would fail as a matter of law. *See U–Haul International,* 734 N.E.2d at 1052. Thus, we concentrate our analysis on the dispositive question of possession and control rather than on Reed's status.

### I.  The Johnsons

▇▇▇▇ Reed relies heavily on the report she designated by Robert Taylor, an architect who examined the deck and concluded it was in violation of the Indiana Building Code in several respects. She argues that this report is sufficient to create an issue of fact with respect to the Johnsons' potential liability. However, the violations alleged in the affidavit are pertinent to whether the Johnsons and/or Beachy breached any duty they had as to the safety of the deck, not whether they had a duty to Reed. Because we conclude the Johnsons had no duty to Reed, we need not reach the question of breach.

▇▇▇▇ Summary judgment in a negligence case is particularly appropriate when the court determines that no duty

exists because, absent a duty, there can be no breach and, therefore, no negligence. *Mishler v. State*, 730 N.E.2d 229, 231 (Ind. Ct.App.2000). The existence of a duty is a question of law for the court to decide. *Mangold v. Indiana Dep't of Nat'l Res.*, 756 N.E.2d 970, 975 (Ind.2001). Here, the question of whether the Johnsons had a duty to Reed turns on the issue of possession and control.

> The thread through the law imposing liability upon occupancy of premises is control. [O]nly the party who controls the land can remedy the hazardous conditions which exist upon it and only the party who controls the land has the right to prevent others from coming onto it. Thus, the party in control of the land has the exclusive ability to prevent injury from occurring.

*Harris v. Traini*, 759 N.E.2d 215, 225 (Ind.Ct.App.2001) (citations omitted), *trans. denied.*

Reed cites *Carroll v. Jagoe Homes, Inc.*, 677 N.E.2d 612 (Ind.Ct.App.1997), *trans. denied*, where a home that was under construction by Jagoe Homes, Inc. but owned by Jagoe Homes & Construction Company was the site of an accident involving children. Jagoe Homes & Construction Company argued that because it was not building the house, it was not in control of the premises, and therefore, that it did not owe a duty to anyone coming onto the premises, including the plaintiff. On appeal, we noted that only those in control of the premises owe a duty to those coming onto the premises and concluded that the designated evidence created a genuine issue of material fact as to whether Jagoe Homes & Construction Company did con-trol the premises such that it owed a duty to others.[2] *Id.* at 616.

Here, we are faced with a different scenario. The facts before us as to the Johnsons' possession of the house are largely undisputed. It is undisputed that they owned the home, had only moved a few miscellaneous items into the home, and had not moved in the rest of their personal property. It is also undisputed that the Johnsons had agreed to postpone possession of the property until after the home show at Beachy's request. Thus, the limited holding in the *Jagoe* case provides little guidance because we are not faced with an issue of fact as to the Johnsons.

Reed also cites to *Dunifon*, 665 N.E.2d at 51, where the Dunifons, the owners of a lake cottage, permitted their granddaughter to invite her friends over to play in the lake. One of the friends was Anthony Iovino. While the landowners were away, Iovino dove off their pier into three feet of water, striking his head on the bottom of the lake and suffering quadriplegia. The landowners argued inter alia that they were not in "possession" of the lake, which was a public body of water and could, therefore, not be held liable. We held that even if the landowners did not own or have possession of the entire lake, they owned the pier and the adjacent property and were shown to have been aware of the shallowness of the water in the area in which the plaintiff was injured. *Id.* at 56. We concluded that the "Dunifons owed Iovino a duty to exercise reasonable care to discover conditions that involved an unreasonable risk of harm to invitees who would not realize the danger, or who would fail to protect themselves against it." *Id.*

---

**2.** We agree with the Johnsons' comment that Reed overstates our holding by claiming "[t]he Court of Appeals held that because Jagoe Homes & Construction co-owned the property on the day of the accident, it had control over the property such that it owed a duty to others, that therefore a motion for summary judgment was inappropriate." Appellant's Br. p. 23. We merely held that there was an issue of fact precluding summary judgment.

A critical point distinguishes the facts of that case from those before us today, namely that the Dunifons 'had actual possession and control of the premises. By contrast, the Johnsons owned the property, but were neither in possession nor in control of the premises during the home show. As we have seen in other cases, the simple fact of ownership is not necessarily dispositive of the question of possession or control and the duty that arises therefrom.

We find more applicable the analysis found in *Risk v. Schilling*, 569 N.E.2d 646, 647 (Ind.1991). In that case, the plaintiff sustained injuries while visiting a workshop operated by C.W. Schilling ("C.W.") located on property owned by a partnership called Schilling Farms, of which C.W. was one of three partners. The plaintiff sued C.W. and Schilling Farms. After concluding that the plaintiff was an invitee of C.W.'s, the supreme court held that although Schilling Farms was the owner of the property, it owed no duty to the plaintiff. *Id.* at 647–48. The supreme court stated, "Schilling Farms was the owner but not the occupier/possessor of the workshop in which [plaintiff] was injured." *Id.* at 647. In so doing, the supreme court relied upon the Restatement (Second) of Torts Section 328E (1965), which provides:

A possessor of land is:

    (a) a person who is in occupation of the land with intent to control it or

    (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or

    (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Id.* The supreme court noted the undisputed fact that C.W., not Schilling Farms, controlled who entered and exited the workshop at the time the plaintiff was injured. *Id.* Because Schilling Farms did not exert control over the workshop, it owed no duty of care to the plaintiff even though it was the owner. *Id.*

Similarly, in *Helton v. Harbrecht*, 701 N.E.2d 1265 (Ind.Ct.App.1998), *trans. denied*, we considered control in addition to ownership. The plaintiff alleged to have sustained injuries while visiting the construction site of her son's home. She sued the builder, who was in the process of completing the house. However, the plaintiff's son was completing the electrical work, painting, staining, drywall, and other work. It was undisputed that on the day the plaintiff fell, the builder was not present and had been away from the site for approximately one month. It was also undisputed that the son was working on the premises on the day the plaintiff was injured. On appeal, we concluded that the undisputed facts demonstrated the builder did not exert control over the premises at the time of the plaintiff's injury and, therefore, owed no duty to the plaintiff. *Id.* at 1268.

Because the Johnsons postponed possession of the premises and surrendered control of it to Beachy for purposes of the tour, they did not control the premises to the extent a duty to Reed arose. The trial court properly granted summary judgment in favor of the Johnsons.

## II. Beachy

▮▮▮ Applying the reasoning in the authority cited above, we reach a different result with respect to Beachy. Beachy requested that the Johnsons postpone taking possession of the house until after the home show. The owner of Beachy was the only one present at the home during the show, greeting people and marketing his business. Although a builder would probably not typically have liability for a deck built by another company in a separate transaction with the homeowner, this case

is different by virtue of the fact that Beachy sought to place the home in the home show and was present during the show to greet visitors. In addition, Beachy testified during his deposition that he walked through the premises, including the deck, during the show. He stated that he thought it was finished. Thus, Beachy had control over and direct possession of the premises, and a potential duty arose therefrom. The report of Robert Taylor opined that the construction of the deck violated several building codes and was unsafe. As a result, the designated evidence creates a genuine issue of material fact as to the remaining elements of Reed's negligence claim. Beachy's summary judgment motion should not have been granted.

### Conclusion

The Johnsons had no duty to Reed because although they owned the property, they neither possessed nor controlled it. By contrast, Beachy did possess and control the premises at least at the time of Reed's fall. The trial court should not have entered summary judgment in Beachy's favor. We affirm the entry of summary judgment in favor of the Johnsons but reverse as to Beachy.

Affirmed in part and reversed in part.

BAKER, J., and VAIDIK, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this cause on December 27, 27, 2002, marked Memorandum Decision, Not for Publication.

Come now the Appellants, by counsel, and file herein Motion to Publish, alleging therein that the Memorandum Decision in this case establishes new law in that it delineates the responsibility of the parties to a home show exhibit; that said opinion involves legal and factual issues that are unique and of substantial public impor-

tance and that said decision greatly impacts the entire body of negligence law as it affects the rights and obligations of citizens who sponsor a home show and those who visit a home show and therefore the Appellants pray this Court that said Memorandum Decision should now be published.

The court having examined said Motion, having reviewed its opinion in this case and being duly advised, now finds that said Motion to Publish should be granted.

IT IS THEREFORE ORDERED as follows:

1. The Appellants' Motion to Publish is granted and this Court's opinion heretofore handed down in this cause on December 27, 2002, marked Memorandum Decision, Not for Publication, is now ordered published.