Patricia Darlene **KISSELL**, Appellant,

v.

**FIRST FEDERAL SAVINGS BANK, Appellee.**

No. 27A05–9809–CV–436.

Court of Appeals of Indiana.

April 13, 1999.

John B. Milford, Marion, Indiana, Attorney for Appellant.

H. Joseph Certain, Joshua M. Howell, Kiley, Kiley, Harker, Michael & Certain, Marion, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Cross–Claim Plaintiff–Appellant Patricia Kissell (Kissell) appeals from the trial court's grant of summary judgment in favor of Cross–Claim Defendant–Appellee First Federal Savings Bank (First Federal) following Kissell's cross-claim alleging breach of fiduciary duty and intentional infliction of emotional distress.

We affirm.

### ISSUES

Two issues are presented for our review, which we restate as follows:

1. Whether the trial court erred in finding that no genuine issue of material

fact exists with regard to Kissell's breach of fiduciary duty claim.

2. Whether the trial court erred in finding that no genuine issue of material fact exists with regard to Kissell's intentional infliction of emotional distress claim.

## FACTS AND PROCEDURAL HISTORY

Patricia Kissell was living in California and building a home in Marion, Indiana and was unable to monitor the daily progress on the construction of her home. Therefore, Kissell entered into an agreement with First Federal for the bank to act as an escrow agent for the payment of construction debts on her home. In order to make the loan to Kissell, First Federal required that the construction funds be held in escrow and that a no-lien construction agreement be entered into between Kissell and the contractor. The no-lien agreement was memorialized in a document prepared by First Federal's attorney.

This case involved two summary judgment proceedings in the trial court. The initial litigation was instituted by Sweetser Lumber & Coal Company, Inc., d/b/a Marion Building Do–It Center (hereinafter referred to as "Marion Building"). Marion Building brought an action to foreclose a mechanic's lien on residential real estate owned by Kissell for the cost of materials. The mechanic's lien arose out of the construction of Kissell's home for which Kissell had entered into a building, construction and no-lien agreement with Arender Construction Company (hereinafter referred to as "Arender"). First Federal held the mortgage on the real estate and was therefore named a party defendant. The contractor, Arender, was also named a party defendant. A default judgment was entered against Arender on August 12, 1993.

Together with her answer to Marion Building's complaint, Kissell counter-claimed against Marion Building and cross-claimed against First Federal alleging that First Federal had breached its fiduciary duty to her pursuant to the Uniform Fiduciary Act, Ind.Code § 30–1–4–1. Specifically, Kissell argued that by requiring her to enter into a "no-lien" agreement with Arender as a condition of making the loan to her and because First Federal had held the loan proceeds in escrow, First Federal had undertaken a duty to distribute the loan proceeds in such a manner as to prevent a mechanic's lien from being filed. Kissell argued that because Marion Building had obtained a mechanic's lien, First Federal had breached its duty to her.

First Federal denies any duty to prevent the issuance of a mechanic's lien on the real estate and asserts that it allocated the loan proceeds in accordance with its agreement with Kissell. During the course of this protracted litigation, First Federal sent Kissell a certified letter entitled "Notice of Default and Notice of Acceleration" which stated that Kissell was in default on her loan because the issuance of the lien was a breach of the covenant against encumbrances. Kissell subsequently paid the loan, and the lien was released. On December 22, 1993, Marion Buildings's claim against Kissell was dismissed. Kissell then filed her amended cross-claim against First Federal claiming damages for the intentional infliction of emotional distress arising out of First Federal's "Notice of Default" letter. In March of 1994, First Federal filed an amended answer to Kissell's amended cross-claim asserting, among other defenses, that Kissell had failed to state a claim upon which relief could be granted. Thereafter, First Federal filed a motion to dismiss Kissell's emotional distress claim pursuant to Ind.Trial Rule 12(B)(6). Kissell subsequently filed her response with supporting evidence. Because the parties filed evidence with their respective motions, the trial court treated the motion to dismiss as a motion for summary judgment. Following a hearing, the trial court entered partial summary judgment in favor of First Federal on Kissell's claim for intentional infliction of emotional distress.

On January 26, 1998, First Federal filed a motion for summary judgment with respect to Kissell's claim that First Federal failed to fulfill its duty to keep the property free from mechanic's liens. After hearing argument by the parties, the trial court determined that no genuine issues of material fact existed and that First Federal owed no such duty to Kissell as a matter of law. Summary judg-

ment was therefore entered on behalf of First Federal. Kissell appeals.

## DISCUSSION AND DECISION

### Standard of Review

█ When reviewing the grant or denial of summary judgment, we apply the same standard as the trial court. *Dague v. Fort Wayne Newspapers, Inc.*, 647 N.E.2d 1138, 1139 (Ind.Ct.App.1995). Summary judgment is appropriate only where the designated evidentiary materials show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C).

█ A genuine issue of material fact exists when facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Downs v. Panhandle Eastern Pipeline Co.*, 694 N.E.2d 1198, 1200 (Ind. Ct.App.1998), *trans. denied.* Despite a conflict in facts and inferences on some elements of a claim, summary judgment may be proper when no dispute exists with regard to the facts which are dispositive of the litigation. *Hayden v. Linton–Stockton Classroom Teachers Ass'n.*, 686 N.E.2d 143, 145 (Ind.Ct. App.1997).

█ Specific findings and conclusions entered by the trial court when ruling on motions for summary judgment merely afford the appellant an opportunity to address the merits of the trial court's rationale. *Dague*, 647 N.E.2d at 1140. The specific findings and conclusions also aid in our review by providing us with a statement of reasons for the trial court's actions, but they have no other purpose. *Id.* Rather than relying upon the trial court's findings and conclusions, we must base our decision upon the T.R. 56(C) materials properly presented to the trial court. *Id.*

### I. Breach of Fiduciary Duty

█ Kissell contends that genuine issues of material fact were presented to the trial court and should have precluded the entry of summary judgment in favor of First Federal.

Particularly, Kissell alleges the existence of an agreement between her and First Federal whereby First Federal undertook the obligation to supervise the construction of her new home and release funds to the builder accordingly. Based upon this agreement, Kissell contends that the Bank owed her a fiduciary duty to protect her property from liens. In granting First Federal's motion for summary judgment, the trial court found that:

A. Cross claimant [Kissell] merely states that she believed by [sic] cross defendant [First Federal] would monitor the construction of her home as her agent and would not release any construction funds unless the work had been completed. This belief to monitor construction does not arise out of any written memorandum or stated claim against the cross defendant, nor does it arise out of any allegation or claim that cross defendant orally agreed to monitor the construction of her home.

\* \* \* \* \*

C. The Court finds no specific agreement nor does cross claimant allege an oral agreement regarding the disbursement of construction funds.

\* \* \* \* \*

E. The Court finds that no material issues of fact exists to support cross claimant's claim arising out of any agency agreement between the cross claimant and cross defendant.

(R. 220).

In support of her argument, Kissell primarily relies upon *Prudential Ins. Co. of America v. Executive Estates, Inc.*, 174 Ind. App. 674, 369 N.E.2d 1117 (1977), for the proposition that First Federal had a duty to protect her and her property from mechanic's liens. In *Prudential*, this Court held that Prudential, the mortgagor, had a duty to protect Executive Estates, its mortgagee, from mechanic's liens. We found that the duty arose from the express agreement of the parties, the custom and practice in the local real estate community, and the relationship of the parties. *Prudential*, however, is distinguishable from this case.

In *Prudential,* the mortgagee specifically told the mortgagor, who was concerned about mechanic's liens, that it would take care of the liens at closing. While Kissell does argue in her response to First Federal's motion for summary judgment that First Federal expressly agreed to protect her from mechanic's liens, this statement was merely Kissell's belief and did not arise from any written memorandum or oral agreement between Kissell and First Federal. Furthermore, the mortgage provided that Kissell would warrant and defend generally the title to the property against all claims and demands and that she would promptly discharge any lien which had priority over the mortgage. From these facts, it is clear that First Federal did not expressly agree to protect Kissell from mechanic's liens. Rather, Kissell expressly agreed to protect First Federal from them.

■ *Prudential* is also distinguishable from this case in regard to the duty created by virtue of the relationship between the parties. In *Prudential,* the court found an agency relationship existed:

> A mortgagee-lender who insists on controlling disbursement of the loan proceeds in order to protect its own interests (mortgage lien), deprives the mortgagor of possession of the loan proceeds for which he was bargained, and in doing so must equitably be considered as the mortgagor's agent saddled with a duty to use reasonable care to protect the principal's interests.

*Prudential,* 369 N.E.2d at 1128. While Kissell argues that an agency relationship existed in the present case, we disagree. First Federal did not control disbursement of the loan proceeds to the extent control was exercised by the mortgagee in *Prudential.* In *Prudential,* the mortgagee made direct disbursements of loan proceeds to third parties. *See Spurlock v. Fayette Federal Sav. & Loan Ass'n,* 436 N.E.2d 811 (Ind.Ct.App.1982), (distinguishing *Prudential* on this ground).

In the present case, the procedure used by First Federal to distribute escrowed funds was as follows: the builder, Arender, would present an affidavit prepared by First Federal requesting funds; First Federal would write a check payable to both Kissell and Arender and deliver the check to Arender; and, Arender would deliver the check to Kissell for her signature. Therefore, Kissell's approval of the loan disbursements was required through her endorsements. This option was not available to the mortgagor in *Prudential.* First Federal did not totally control the disbursement of the loan proceeds as did the mortgagee in *Prudential.* Kissell exercised final control for ·the disbursements. Therefore, an agency relationship was not created.

The factual distinctions make *Prudential* inapplicable in this case. The trial court therefore properly found that no duty was imposed upon First Federal to protect Kissell from mechanic's liens by virtue of the parties' agreement or the parties' relationship.

## II. Intentional Infliction of Emotional Distress

■ Kissell contends that the trial court erred in finding that no genuine issue of material fact exists with regard to her claim of intentional infliction of emotional distress. Specifically, Kissell argues in her amended cross-claim that because First Federal had previously entered into an agreement with her, promising that funds for the construction of her home would be properly applied and no liens would be filed, the act of First Federal sending the "Notice of Default and Notice of Acceleration" letter to her was intended to cause her emotional distress. We disagree.

As we have previously found, there was no agreement that First Federal would protect Kissell from mechanic's liens. Furthermore, the terms of the mortgage provided First Federal with the right to issue notice to Kissell to cure any breach of its mortgage agreement with Kissell. Pursuant to the mortgage, Kissell agreed and was obligated to defend title to the property and to promptly discharge any lien which had priority over First Federal's mortgage. Therefore, First Federal was exercising its lawful right to notify Kissell of her obligation to cure the existence of a lien over the mortgage.

This case presents no genuine issue as to any material fact. First Federal therefore is

entitled to judgment as a matter of law. The trial court properly entered summary judgment in favor of First Federal.

### CONCLUSION

The trial court properly found that no genuine issue of material fact exists with regard to Kissell's claims of breach of fiduciary duty and intentional infliction of emotional distress.

Affirmed.

STATON, J., and BROOK, J., concur.