Walter H. SHELEY, as Administrator of the Estate of Margaret Sheley, Deceased, Appellant–Plaintiff,

v.

Kimberly A. CROSS, The Board of Commissioners of Lagrange County, Buryle Grossman and Hazel Grossman, Appellees–Buryle Grossman and Hazel Grossman–Defendants.

No. 57A03–9510–CV–338.

Court of Appeals of Indiana.

June 6, 1997.

Transfer Denied Sept. 26, 1997.

Richard W. Rogers, Middlebury, for Appellant–Plaintiff.

Dane L. Tubergen, Fort Wayne, for Appellees–Buryle Grossman and Hazel Grossman–Defendants.

## OPINION

STATON, Judge.

Buryle and Hazel Grossman were granted summary judgment in a negligence action on the issue of a landowner's duty to travelers on a road adjacent to the landowner's property. Walter H. Sheley, as Administrator of the Estate of Margaret Sheley, deceased, appeals this decision, presenting one dispositive issue for review which we restate as: Whether a landowner owes a duty to travelers on a roadway adjacent to the landowner's property to avoid creating a condition on his property which may impair the traveler's vision at an intersection.[1]

We affirm.

On October 15, 1992, Margaret Sheley was killed when her automobile collided with Kimberly Cross' at an intersection. Sheley brought suit against Cross, the county and the Grossmans. The theory of liability against the Grossmans is that they, as owners of land at this intersection, negligently planted crops on their land such that a motorist's view of oncoming traffic at this intersection was impaired.[2] The trial court granted summary judgment in favor of the Grossmans finding that the Grossmans owed no duty to Margaret Sheley.[3] This appeal ensued.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters

---

**1.** Since resolution of this issue is dispositive, we do not reach Sheley's argument concerning Grossman's affidavit.

**2.** Sheley's complaint also mentions other foliage on the property besides the crops. However, Sheley has apparently abandoned the foliage's role in the accident since there is no mention of it in his brief.

**3.** The Grossmans also raised other grounds in their summary judgment motion. However, the trial court's order makes clear it only ruled on the issue of duty, and we, accordingly, limit our review to this issue.

of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

## I.

### Duty

■ The trial court found that the Grossmans were under no duty to a motorist to avoid creating conditions on their land which may impair a motorist's view at an intersection.[4] We agree.

■ To recover under a theory of negligence, the plaintiff must establish: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure on the part of the defendant to conform his conduct to the requisite standard of care; and (3) an injury to the plaintiff proximately caused by the breach. *Stephenson*, 596 N.E.2d at 1371. Absent a duty, there can be no breach and, therefore, no recovery in negligence. *Id.* Whether a defendant owes a duty to a plaintiff is a question of law. *Id.*

■ Any analysis in this area must begin with *Pitcairn v. Whiteside*, 109 Ind.App. 693, 34 N.E.2d 943 (1941).

The occupier of land abutting on or adjacent to, or in close proximity of, a public highway, owes a duty to the traveling public to exercise reasonable care to prevent injury to travelers upon the highway from any unreasonable risks, created by such occupier, which he had suffered to continue after he knew, or should have known, of their existence, in cases where such occupier could have taken reasonable precautions to avoid harm to such travelers. The traveling public is entitled to make free use of highways and streets, and an occupier of land, which is adjacent to or in close proximity of such highway or street, has no right to so use the property occupied by him as to interrupt or interfere with the exercise of such right by creating or maintaining a condition that is unnecessarily dangerous.

... The law requires that every one in the use and enjoyment of his property shall have regard for the rights of others, and will not allow him to set up or prosecute a business on his own land in a way that is calculated to, or in fact does, materially or injuriously affect the rights of adjoining owners, or that substantially or harmfully interferes with or injures those rightfully traveling on an adjoining highway.

*Id.*, 34 N.E.2d at 946. This duty is founded in the "fundamental principle that a person may not use his land in such a way as to unreasonably injure the interests of persons not on his land—including owners of adjacent lands, other landowners, and *users of public ways.*" *Lever Bros. Co. v. Langdoc*, 655 N.E.2d 577, 581 (Ind.Ct.App.1995) (emphasis added). Thus, a landowner does owe a duty to the traveling public to exercise reasonable care in the use of his property so as not to interfere with safe travel on public roadways. The issue, however, is whether the scope of this duty extends to refraining from creating conditions wholly on a landowner's property which may impair a traveler's vision of oncoming traffic at an intersection.

■ Sheley relies on *Pitcairn*, and *Holiday Rambler Corp. v. Gessinger*, 541 N.E.2d 559 (Ind.Ct.App.1989), *trans. denied*, in support of his position that the Grossmans owed a duty to Margaret. In *Pitcairn*, railroad employees started a fire on the railroad's right-of-way. Smoke from the fire blew over

---

4. It should be noted that the planting of vegetation by humans is considered to create an artificial condition, not a natural one. A "natural" condition is limited to land unchanged by humans. *Spears v. Blackwell*, 666 N.E.2d 974, 977 (Ind.Ct.App.1996), *reh. denied, trans. denied* (citing RESTATEMENT (SECOND) OF TORTS § 363 cmt. b (1965); § 840 cmt. a (1979)). The difference is significant since there are differing duties for natural versus artificial conditions. *See Id.; Valinet v. Eskew*, 574 N.E.2d 283 (Ind.1991).

a nearby road, obscuring visibility. Whiteside was traveling along the road when he encountered the smoke, slowed his speed and was struck in the rear by another car whose driver apparently could not see Whiteside. After announcing the general principles above, this court concluded that the railroad owed a duty to Whiteside as a member of the traveling public. "There was a duty upon appellants to refrain from the creation or maintenance of any condition upon their right of way which subjected the traveling public, using public highways in the vicinity of such right of way, to unreasonable risks or conditions that were unnecessarily dangerous." *Pitcairn,* 34 N.E.2d at 946–47.

In *Holiday Rambler,* the defendant owned a manufacturing plant adjacent to a state highway. At 3:00 p.m. the plant's shift would end, releasing 750 people at once onto the highway. The plant's parking lot had four exits onto the highway, all within 800 feet of each other. On one occasion, the resulting congestion caused an accident injuring a motorcyclist. The motorcyclist argued that the plant owners had a duty to exercise reasonable care to prevent injury caused by the property's defective or dangerous condition to persons traveling on the highway. *Id.* at 562. Relying on *Pitcairn,* we agreed with the motorcyclist that the plant owners owed a duty to travelers on the adjacent highway, and that they had created a dangerous condition on their land which had an adverse effect on the neighboring highway.

However, this case is distinguishable from *Pitcairn* and *Holiday Rambler.* In those cases, the defendants' conduct caused a hazard to visit itself upon the roadway. Here, the alleged hazardous condition was wholly upon the Grossmans' property. The difference is significant, as noted by our supreme court in *Blake v. Dunn Farms, Inc.,* 274 Ind. 560, 413 N.E.2d 560 (1980). Regarding *Pitcairn,* the court stated "We emphasize that in that case, the railroad itself was causing the dangerous condition that visited itself upon the traveled portion of the highway." *Id.* at 564, 413 N.E.2d 560. Thus, to the extent a landowner owes a duty to travelers on an adjacent roadway, that duty is limited to refraining from creating hazard-ous conditions that visit themselves upon the roadway. Where an activity is wholly contained on a landowner's property, there is no duty to the traveling public. *Compare Snyder Elevators, Inc. v. Baker,* 529 N.E.2d 855 (Ind.Ct.App.1988), *trans. denied* (no duty where business conducted wholly on premises with no direct off-premises hazard) *with Valinet v. Eskew,* 574 N.E.2d 283 (Ind.1991) (duty where tree fell on roadway).

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.