FOR PUBLICATION

ATTORNEY FOR APPELLANTS
: 
ATTORNEYS FOR APPELLEE
:

JOHN P. YOUNG MICHAEL A. WILKINS

Young & Young 
GERMAINE WINNICK WILLETT

Indianapolis, Indiana Ice Miller Donadio & Ryan

Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

SANDRA JEAN HUTCHISON and )

JESSICA ANN HUTCHISON, by next friend, )

JENNIFER A. HAMILTON, )

)

Appellants-Plaintiffs, )

)

vs. ) No.  49A02-9808-CV-697

)

OLD INDIANA LIMITED LIABILITY CO., )

d/b/a OLD INDIANA FAMILY FUN AND )

WATER PARK, OLD INDIANA )

DEVELOPMENT CORPORATION, d/b/a )

OLD INDIANA FAMILY FUN AND WATER )

PARK and OLD INDIANA FAMILY FUN     )

AND WATER PARK, )

)

Appellees-Defendants. )

APPEAL FROM THE MARION SUPERIOR COURT NO. 2

The Honorable Kenneth Johnson, Judge

Cause No.  49D02-9605-CT-0733

August 18, 1999

OPINION - FOR PUBLICATION

RUCKER, Judge

Sandra Jean Hutchison appeals the entry of summary judgment dismissing her lawsuit against Old Indiana Limited Liability Company d/b/a Old Indiana Family Fun and Water Park.  Mrs. Hutchinson raises a single issue for our review which we rephrase as:  did the amendment to her complaint, which added a party defendant, relate back to the filing of the original complaint pursuant to Indiana Trial Rule 15(C).  We hold that it did not and therefore affirm.

The facts most favorable to the nonmoving party show that on May 29, 1994, both Sandra Jean Hutchison and her granddaughter, Jessica Ann Hutchison, were injured while riding a Ferris wheel at the Old Indiana Family Fun and Water Park in Thorntown, Indiana. Five days later counsel for the Hutchisons forwarded a letter to the amusement park's general manager advising him that his clients had suffered injury and requesting that the insurance carrier for the park contact counsel within the next two weeks.  R. at 55.  Apparently, shortly thereafter counsel for the Hutchisons was contacted by the insurance adjustment firm of Frontier Adjusters of Lafayette.
(footnote: 1)  On July 19, 1994, counsel for the Hutchisons forwarded a letter to Frontier Adjusters advising the firm of his representation, requesting copies of various documents, and requesting the "full and complete name of your insured . . . . "  R. at 57.  Among other things the letter indicated:

As you know, the items which we have requested are all things that would be discoverable if suit were filed and attorneys were hired.  The free exchange of this information to us would preclude the necessity of an immediate filing of a lawsuit to obtain information, and we feel it would also assist both of us in evaluating this claim and being on an equal footing in the negotiation of this claim.

Id.
  The record is not clear whether Frontier Adjusters ever responded to the letter; nor is the record clear concerning the events transpiring over the next several months.
(footnote: 2)  In any event on February 28, 1995, counsel for the Hutchisons received a letter from a different insurance adjustment firm, Adjusting Services Unlimited.  The letter made reference to a January 25, 1995, telephone conference between counsel and the adjustment firm and sought to arrange a meeting with the Hutchisons.  R. at 58.  Counsel responded to the letter on April 12, 1995, apologizing for the delay, indicating that his clients were out-of-state residents and thus it would be impossible to arrange a meeting with them, and inquiring whether medical payment insurance was available to pay some of the outstanding medical bills.  R. at 59.  On August 25, 1995, counsel for the Hutchisons received another letter from Adjusting Services Unlimited requesting copies of medical bills and doctor's reports along with any wage loss information.  R. at 60.  All correspondence between counsel for the Hutchisons and the insurance adjustment firms listed "Old Indiana Fun Park" as the insured. 

The record is silent concerning the events occurring over the several months thereafter.  However, on May 29, 1996, the last day of the two-year statute of limitations applicable to personal injury claims, the Hutchisons filed a complaint for damages.  The complaint named as defendants the "Old Indiana Development Corp. d/b/a Old Indiana Family Fun and Water Park and Old Indiana Family Fun and Water Park."  R. at 13.
(footnote: 3)  The complaint and summons were served on Old Indiana Development Corporation (hereafter referred to as the "Development Corporation") on July 22, 1996, but were returned to the Hutchisons accompanied by a letter informing them that the Development Corporation did not operate the park.  On August 1, 1996, the complaint and summons were again served on the Development Corporation and again were returned with a similar letter dated August 16, 1996.  On August 21, 1996, the Hutchisons filed an amended complaint naming Old Indiana Limited Liability Company (hereafter referred to as "Liability Company") as an additional party defendant.  There is no indication in the record concerning how the Hutchisons determined that the Liability Company was the proper party defendant.  Thereafter the parties conducted discovery.  On June 18, 1998, the Liability Company filed a motion for summary judgment contending the statute of limitations barred Sandra Jean Hutchison's claim.  
Before the trial court and before this court, the Liability Company acknowledges that because Jessica Ann Hutchison is a minor, her claim is not similarly barred.
  After a hearing, the trial court granted the motion. This appeal followed. 

 When reviewing the grant or denial of a motion for summary judgment, we apply the same standard as the trial court and we resolve all doubts in favor of the nonmoving party. 
Ebbinghouse v. FirstFleet, Inc.
, 693 N.E.2d 644, 646 (Ind. Ct. App. 1998), 
trans. denied
.  Summary judgment is appropriate only if the designated evidentiary matter shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Ind. Trial Rule 56(C); 
Harkness v. Hall
, 684 N.E.2d 1156, 1159 (Ind. Ct. App. 1997).  In a summary judgment proceeding in which the movant raises an affirmative defense based on the statute of limitations, the movant need only make a 
prima facie
 showing that the cause of action was filed beyond the statutory period.  
Creighton v. Caylor-Nickel Hospital, Inc.
, 484 N.E.2d 1303, 1306 (Ind. Ct. App. 1985).  The burden then falls on the opponent of the motion to establish the existence of a material fact in avoidance of the statute of limitations defense.  
Id.
   

There is no question that the Liability Company presented 
prima facie
 evidence that  Mrs. Hutchison's complaint was filed beyond the two-year statutory time limit for personal injury claims.  Mrs. Hutchison sustained injury on May 29, 1994, and the amended complaint against the Liability Company was filed August 21, 1996,--some 84 days beyond the time period.  However, Mrs. Hutchison contends the trial court nonetheless erred in granting summary judgment in favor of the Liability Company because her amended complaint related back to the date of filing the original complaint.  The relation back of an amended complaint is governed by Indiana Trial Rule 15(C) which provides in relevant part:

[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.  An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Mrs. Hutchison insists that she has satisfied all of the requirements of the rule, including  that of notice.  She also contends the Liability Company offered no evidence that it would be prejudiced in the defense of her claim. 

It is true that the "key to relation back under Trial Rule 15(C) is notice."  
Logan v. Schafer
, 567 N.E.2d 855, 857 (Ind. Ct. App. 1991).  And the notice need not be actual, rather it may be constructive.  
See
 
Waldron v. Wilson
, 532 N.E.2d 1154, 1157 (Ind. 1989) (Dickson, J., concurring) (filing of the original complaint against a farming corporation amounted to constructive notice to father and son defendants who were sole officers and directors of the corporation); 
see
 
also
 
Honda Motor Company, Ltd. v. Parks
, 485 N.E.2d 644, 651 (Ind. Ct. App. 1985) ("Identity of interest" between one corporation and its wholly owned subsidiary raised a genuine issue of material fact as to whether notice to one amounted to notice to the other for purposes of T.R. 15(C).).  However, contrary to Mrs. Hutchison's argument, T.R. 15(C) anticipates more than notice of the mere fact that an injury has occurred or notice that the injured plaintiff has retained counsel.  Rather, the party named in the amended pleading must have received "notice of the institution of the action . . . ."  Ind. Trial Rule 15(C).  In the context of a motion for summary judgment the burden rests with the complainant to present Rule 56 materials demonstrating the existence of a genuine issue of material fact on the question of whether the party named in the amended pleading received either actual or constructive notice of the institution of legal action.  Further the complainant must also demonstrate that the notice was received by the party named in the amended pleading "within the period provided by law for commencing the action."  
Fifer v. Soretore-Dodds
, 680 N.E.2d 889, 891 (Ind. Ct. App. 1997), 
reh'g denied
 (quoting T.R. 15(C)).

In this case there is nothing in the record showing the existence of a relationship between the Development Corporation and the Liability Company.  Indeed Mrs. Hutchison does not contest the assertion that the Development Corporation and the Liability Company are two separate, unrelated, and distinct corporate entities.  
See
 Brief of Appellee at 2.  Thus, we cannot apply the "indentity of interst" principle discussed in 
Parks
, 485 N.E.2d at 651 and implied by 
Waldron
, 532 N.E.2d at 1157.  However, even assuming there is some relationship between the two entities such that notice to the Development Corporation can be considered as constructive notice to the Liability Company, Mrs. Hutchison's argument still fails.  First, the original complaint was filed on the last day of the running of the statute of limitations.  The record shows that the Development Corporation was not served with the complaint and summons until July 22, 1996, which is 55 days outside of the statutory time period.
(footnote: 4)  Thus the Liability Company did not receive notice "within the period provided by law for commencing the action."  
Fifer
, 680 N.E.2d at 891.  Second, the correspondence to the insurance adjustment firms and to the general manager of the Old Indiana Family Fun and Water Park never mentioned the 
institution of an action
.
(footnote: 5)  At most, the correspondence put the Liability Company on constructive notice that Mrs. Hutchison had retained an attorney and was considering a claim against the company.  In fact, the only correspondence that even came close to asserting that a lawsuit may be commenced declared in part:  "[t]he free exchange of this information to us would preclude the necessity of an immediate filing of a lawsuit to obtain information . . . ."  R. at 57.  This correspondence does not suggest that a lawsuit for damages would be filed against the Development Corporation.  Rather, it merely suggests that suit may be filed to obtain discovery if the same were not forthcoming.  No such action was ever filed.  Thus, we presume counsel received the requested discovery.  In the final analysis, the record before us simply does not support the contention that the Liability Company received notice either actual or constructive of the institution of a lawsuit within the statutory time frame.
(footnote: 6)  Absent such notice, Mrs. Hutchison's amended complaint did not relate back to the filing of the original complaint.  Accordingly we need not explore whether other provisions of T.R. 56(C) were satisfied.  The trial court properly granted summary judgment in favor of the Liability Company.

Judgment affirmed.

BAKER, J., and BROOK, J., concur.

FOOTNOTES
1:  We say "apparently" because of counsel's follow-up letter.  In their brief before this court and in their memorandum before the trial court, the Hutchisons assert that Frontier Adjusters contacted counsel indicating they were the park's agent responsible for adjusting the Hutchisons' claim.  However, the Hutchisons presented no Rule 56 materials to support the assertion. 

2:  In their brief before this court the Hutchisons assert:

"[c]ounsel for plaintiff received no telephone call, letter, fax, e-mail or any other communication from Old Indiana Limited Liability company d/b/a Old Indiana Family Fun and Water Park, or its agents indicating that Hutchison was not using the proper name for the operator of the park.  No response was received providing their proper identity. Their response was silence." 

Brief of Appellant at 4.  However, the Hutchisons presented no Rule 56 materials to the trial court in support of their assertion. 

3:  In their brief before this court the Hutchisons assert that on May 28, 1996, counsel contacted the offices of the Secretary of State to secure the address of the resident agent of Old Indiana Family Fun and Water Park for service of process.  According to the Hutchisons, counsel was informed that "Old Indiana Development Corporation 
operated
 Old Indiana Family Fun and Water Park."  Brief of Appellant at 5 (emphasis added).  In their memorandum in opposition to the motion for summary judgment before the trial court, the Hutchisons did not make this claim.  Rather, they contended "The Secretary of State informed Young and Young that the Old Indiana Development Corporation 
existed
 at R.R. 2, Box 137A, Thorntown, Indiana, 46071 and that their resident agent was Thomas Rehm, R.R. 2, Box 137A, Thorntown, Indiana, 46071."  R. at 45 (emphasis added).  The apparent significance of the assertion before the trial court was to show that this was the same address to which counsel for the Hutchisons sent a June 3, 1994, letter to the general manager of the park.  The Hutchisons' brief implies that the Secretary of State misled the Hutchisons into perfecting service upon the wrong entity.  On the other hand the Hutchisons' trial memorandum implies that counsel never inquired of the Secretary of State concerning the ownership of the park.  Rather, the implication is that counsel merely asked the location of the Development Corporation and the name of its resident agent.  Be that as it may, neither the "operated" assertion nor the "existed" assertion is contained in, or supported by, any of the Rule 56 materials presented to the trial court.

4:  We note that T.R. 15(C) "does not require process or that a summons be served before the statute of limitations has expired."  
Gulley v. Winter
, 686 N.E.2d 176, 180 (Ind. Ct. App. 1997) (quoting 
Waldron
, 532 N.E.2d at 1156).  The issue here is not the timing of the complaint and summons.  Rather, the issue concerns the timing of notice. 

5:  For the sake of this discussion we are assuming the adjustment firms and the general manager of the park are somehow related to the Development Corporation.  The evidence of record shows only that the Development Corporation and the manager of the park shared the same mailing address. 

6:  Nor is there support for the inference that the Old Indiana Family Fun and Water Park and its insurance adjustment firms misled Mrs. Hutchison into believing that the Development Corporation was the proper party defendant.  Although in one letter to an adjustment firm, counsel for the Hutchisons requested the "full and complete name of your insured," nothing in the record shows whether the firm ever responded to the request.  In like fashion, there is no support for the inference that the offices of the Secretary of State misled Mrs. Hutchison.  
See
 
supra
 note 3.