**Stephen MISHLER, Appellant–Plaintiff**

**v.**

**STATE of Indiana, and State of Indiana Department of Highways, Appellees–Defendants.**

No. 20A05–9912–CV–544.

Court of Appeals of Indiana.

June 23, 2000.

Douglas A. Mulvaney, Stutsman, Mulvaney & DeBoer, Elkhart, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellees.

**OPINION**

BAKER, Judge

Appellant-plaintiff Stephen Mishler appeals the entry of summary judgment in favor of appellees-defendants State of Indiana and State of Indiana Department of Highways (collectively, the State). Specifically, Mishler claims that the trial court erred in determining that the State owed no duty of care to Mishler because the State had relinquished control of the roadway on which Mishler was injured.

*FACTS*

On October 9, 1995, the State transferred to the City of Elkhart, Indiana 5.3 miles of a roadway that was formerly a section of U.S. 20. The relinquishment agreement provided that the City of Elkhart was responsible for all maintenance, reconstruction and construction of the subject roadway after the date of the transfer. On April 26, 1996, Mishler was riding his moped on a section of the relinquished highway, then known as Jackson Boulevard, when he stopped on the side of the street outside the travel lane. Mishler was struck and injured by a vehicle driven by Todd Zilm.

On April 24, 1998, Mishler filed a complaint for damages, alleging that the State negligently designed, constructed, maintained and repaired Jackson Boulevard at the accident location such that Mishler was unable to completely exit the roadway and avoid being struck by the oncoming vehicle. The State moved for summary judgment, contending that there was no genuine issue of material fact because the City of Elkhart, rather than the State, owned and maintained Jackson Boulevard. On April 13, 1999, the trial court granted the State's motion for summary judgment. Mishler now appeals.

*DISCUSSION AND DECISION*

*I. Standard of Review*

In reviewing the trial court's grant of summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Smith v. Allstate Ins. Co.*, 681 N.E.2d 220, 223 (Ind.Ct.App.1997). We do not weigh evidence, but will liberally construe the facts in the light most favorable to the nonmoving party. *General Motors Corp. v. Northrop Corp.*, 685 N.E.2d 127, 132 (Ind.Ct.App.1997), *trans. denied.* Summary judgment should be granted only when the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue

of material fact and whether the law has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Government, Inc.*, 683 N.E.2d 622, 625 (Ind.Ct. App.1997), *trans. denied.* The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993).

## II. Mishler's Claims

Mishler contends that the State negligently designed and constructed the subject roadway and failed to post appropriate warning signs when making renovations required by the relinquishment agreement with the City of Elkhart. He concedes that the State is no longer the possessor of the roadway but claims that the State "controlled the instrumentality" which caused his injuries and had a common law duty to use reasonable care in performing the renovations. Appellant's brief at 6–7.

 To recover under a theory of negligence, the plaintiff must establish a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, a failure on the part of the defendant to conform his conduct to the requisite standard of care and an injury to the plaintiff proximately caused by the breach. *Sheley v. Cross*, 680 N.E.2d 10, 12 (Ind.Ct. App.1997), *trans. denied.* Because the court granted summary judgment on the first element, this court need address only that issue. Absent a duty, there can be no breach of duty and no recovery in negligence. *Id.* Whether a duty exists is a question of law. *Id.*

 There is no specific duty imposed by statute upon the State to provide warning signs. *Elliott v. State*, 168 Ind.App. 210, 213, 342 N.E.2d 674, 676 (1976). There is, however, a general duty on the part of the State to exercise reasonable care in the design, construction and maintenance of its highways for the safety of public users. *Id.*; 342 N.E.2d at 677. Nevertheless, it is undisputed that the roadway on which Mishler was injured is not a State highway.

 Liability for injury ordinarily depends upon the power to prevent injury. *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 250 (Ind.1996). Any duty imposed by law upon an owner or occupier of land to maintain that property in a reasonably safe condition for the benefit of others co-exists with possession and control. *Great Atlantic & Pac. Tea Co., Inc. v. Wilson*, 408 N.E.2d 144, 147 (Ind.Ct.App. 1980). When a new owner assumes control and possession, he becomes responsible for the safety of structures erected by his predecessor, absent misrepresentation by the predecessor. *Id.* The rule of law that a former possessor of premises is normally not liable for latent defects is appropriate because the former possessor is no longer in a position to prevent injuries. *Rogers v. Grunden*, 589 N.E.2d 248, 255 (Ind.Ct.App.1992); accord *City of Bloomington v. Kuruzovich*, 517 N.E.2d 408, 411 (Ind.Ct.App.1987) ("[T]he party in control of the land has the exclusive ability to prevent injury from occurring.").

 Here, the State had neither possession nor control and thus, was in no position to discover or rectify any unsafe condition of the roadway. Once the roadway was relinquished to the City of Elkhart, the State had no duty to the entrants on that roadway. While we may be sympathetic to Mishler's plight, summary judgment in favor of the State was appropriate because the State had no opportunity to prevent Mishler's injuries and thus had no duty to do so.

## CONCLUSION

The State had no duty to prevent injury to Mishler on the roadway relinquished to the City of Elkhart. Absent a duty, no action for negligence can lie. Thus, the

grant of summary judgment in favor of the State is affirmed.

Judgment affirmed.

RILEY, J., and KIRSCH, J., concur.