## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 31 2017, 8:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven W. Etzler
Malloy Etzler & Lawhead, P.C.
Highland, Indiana

ATTORNEYS FOR APPELLEE

Francis A. Veltri
Travelers Staff Counsel Indiana
Merrillville, Indiana

Paul T. Belch
Travelers Staff Counsel Indiana
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Benjamin Odneal,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Circle Medical Management,<br>*Appellee-Defendant* | January 31, 2017<br><br>Court of Appeals Case No.<br>45A03-1609-CT-2037<br><br>Appeal from the Lake Superior Court<br><br>The Honorable William E. Davis, Judge<br><br>Trial Court Cause No.<br>45D05-1408-CT-155 |

**Baker, Judge.**

[1] Benjamin Odneal appeals the trial court's grant of summary judgment in favor of Circle Medical Management (Circle Medical). He argues that the trial court incorrectly determined that Circle Medical did not owe him a duty. Finding that summary judgment was appropriately granted, we affirm.

## Facts

[2] Odneal was an employee of Stericycle, Inc. (Stericycle), a medical waste processing facility. Stericycle did business with Circle Medical, a dialysis treatment center. In providing dialysis treatment, Circle Medical used and needed to dispose of spent bloodlines, needles, syringes, and other medical waste. Accordingly, Circle Medical entered into a Service Agreement with Stericycle's predecessor[1] in May 2009. Stericycle would provide Circle Medical with containers, Circle Medical would fill the containers with medical waste, and Stericycle would transport those containers to its disposal facility.

[3] Pursuant to the Service Agreement, these containers were 96-gallon carts. The Service Agreement provided that "[t]o ensure compliance with packaging requirements and the safety of Service Provider's employees, Service Provider reserves the right to charge a minimum overweight penalty of $0.65 per lb. when weights exceed 40 lbs. per container." Appellant's App. p. 195. Stericycle provided an information sheet to Circle Medical that said that the

---

[1] For ease of reading, we will refer to this predecessor simply as Stericycle.

maximum weight of the containers when full of waste should be no more than 150 pounds. Appellant's App. 222.

[4] On August 30, 2012, Stericycle retrieved five waste containers from Circle Medical, each of which weighed more than 150 pounds. Once the containers were transported to Stericycle's facility, Odneal started to pick up one of the containers but realized that it was too heavy for him to lift. He asked a coworker for help. As the two began picking the container up, the container went off balance and Odneal was pulled into a railing. He suffered a lower back injury, which required two lumbar surgeries and a spinal implant to rectify.

[5] On August 15, 2014, Odneal filed a complaint against Circle Medical, claiming that Circle Medical owed him a duty to avoid overfilling its waste containers and that its breach of that duty caused his injury. On May 31, 2016, Circle Medical filed a motion for summary judgment along with designated evidence, to which Odneal responded. After a hearing, the trial court entered summary judgment in Circle Medical's favor on August 15, 2016. Odneal now appeals.

## Discussion and Decision

[6] Our standard of review of a trial court's grant of summary judgment is well settled:

> Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. When we review a grant of

> summary judgment, our standard of review is the same as that of the trial court. We consider only those facts that the parties designated to the trial court. The Court must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmovant, and resolve all doubts against the moving party.
>
> A trial court's order on summary judgment is cloaked with a presumption of validity; the party appealing from the grant of summary judgment must bear the burden of persuading this Court that the decision was erroneous. We may affirm the grant of summary judgment upon any basis argued by the parties and supported by the record.

*Breining v. Harkness*, 872 N.E.2d 155, 158 (Ind. Ct. App. 2007) (internal citations omitted). To prove negligence, Odneal is required to show, among other things, that Circle Medical owed him a duty. *Mishler v. State*, 730 N.E.2d 229, 231 (Ind. Ct. App. 2000). Absent a duty, there can be no breach of duty and no recovery in negligence. *Id.* Whether a duty exists is generally a question of law. *Id.*

[7] We find our decision in *Ebbinghouse v. FirstFleet, Inc.*, 693 N.E.2d 644 (Ind. Ct. App. 1998), to be instructive. In that case, the plaintiff worked for a distribution company, which contracted with trucking companies to send goods to their final destinations. *Id.* at 646. One day, the trucking company returned a trailer to the distribution company, and as the plaintiff unloaded and cleaned it, she slipped on a lid that had fallen on the ground. *Id.* She sued the trucking company for negligence, but the trial court granted summary judgment against her. *Id.*

[8]     In affirming the trial court, we recognized that while employers have a general duty to use reasonable care to provide their own employees with a safe work environment, employers do not owe such a general duty to the employees of other companies. *Id.* at 647. We noted that after the trucking company returned the trailer,

> it was the sole responsibility of [the distributor] to open the sealed trailer, to unload any returned merchandise, and to clean the trailer of the empty totes, lids, and pallets. [The trucking company] had no discretion to inspect the condition of the interior of the trailers upon arrival at [the distributor] and similarly had no control over how [the distributor]'s employees carried out their responsibility to unload and clean the trailers.

*Id.* After also finding that the accident was not foreseeable and that public policy did not support finding a duty, we affirmed. *Id.* at 648.

[9]     In that case, however, we noted the following:

> We find nothing in the record that indicates that [the trucking company] was required by [the distributor] to strap down the totes and lids or that [the trucking company] otherwise assumed a duty to strap down the totes and lids. Even if we were to conclude that [the trucking company] was required to take such precautions or voluntarily undertook them, there is no evidence that such action was for the benefit or safety of [the distributor]'s employees.

*Id.* In the present case, Odneal focuses on the language in the Service Agreement that provided Stericycle with the right to charge an "overweight penalty of $0.65 per lb. when weights exceed 40 lbs. per container," the purpose

of which was "[t]o ensure compliance with packaging requirements and the safety of Service Provider's employees . . . ." Appellant's App. p. 195. Odneal points out that a duty of care, the breach of which will support a negligence action, may arise contractually. *Plan-Tec, Inc. v. Wiggins*, 443 N.E.2d 1212, 1218 (Ind. Ct. App. 1983). In determining whether a duty exists, this Court will give effect to the intent of the parties as reflected by the language of the document. *Id.* Odneal argues that this provision in the contract evinces Circle Medical's intent to assume a duty to Stericycle's employees to avoid overfilling the containers.

[10] Odneal spends much of his brief attempting to prove that this provision was not intended to compensate Stericycle for the added costs of heavier containers but was rather intended solely to penalize Circle Medical for overheavy shipments. We cannot agree with this argument, as the two concepts are economically indistinguishable. It is impossible to say that the provision does one or the other; it clearly does both. On the one hand, by requiring extra payment for containers weighing over forty pounds, it discourages Circle Medical from filling its containers with more than forty pounds of waste. On the other hand, it also makes clear that Circle Medical is perfectly within its rights to fill containers with more than forty pounds of waste, so long as Circle Medical is willing to pay the extra charge.

[11] We find the existence of added compensation dispositive. If the Service Agreement had said that Circle Medical, for the safety of Stericycle's employees, agreed to not fill the containers beyond a certain weight, then Circle

Medical would have assumed a duty not to do so. But the Service Agreement instead set a price for added weight—in such a circumstance, Circle Medical's only duty regarding the weight of the containers was to pay the added cost of any containers weighing more than forty pounds. Other than the existence of this pricing mechanism, we find the present case to be on all fours with *Ebbinghouse*.

[12] Odneal also argues that he was owed a duty as a third-party beneficiary of the Service Agreement between Circle Medical and Stericycle. A third-party beneficiary contract exists when (1) the parties intend to benefit the third party, (2) the contract imposes a duty on one of the parties in favor of the third party, and (3) the performance of the terms of the contract renders a direct benefit to the third party intended by the parties to the contract. *Gilliana v. Paniaguas*, 708 N.E.2d 895, 898 (Ind. Ct. App. 1999). A party may use his status as a third-party beneficiary as the basis of a duty in a negligence context. *St. Paul Fire & Marine Ins. Co. v. Pearson Const. Co.*, 547 N.E.2d 853, 857 (Ind. Ct. App. 1989).

[13] We find that Odneal is not a third-party beneficiary of the Service Agreement because any benefits that accrue to him do so remotely, not directly. Circle Medical and Stericycle did not contract together with the primary goal of providing safety to Odneal; they contracted together with the primary goal of exchanging a service for compensation. Although there is arguably some benefit that Odneal receives from the contract—perhaps the financial disincentive will encourage Circle Medical to pack the containers lightly, which in turn will make Odneal's job safer and easier—this is far from the type of

direct benefit required to create a third-party beneficiary contract. Accordingly, this argument is unavailing.

[14] In sum, Circle Medical did not agree to refrain from filling containers with more than forty pounds of material, it agreed to pay an extra fee for doing so. Therefore, as a matter of law, Circle Medical did not owe Odneal a duty to not fill the containers with overheavy contents. Nor was Odneal a third-party beneficiary of the Service Agreement. Because Circle Medical did not owe Odneal any duty, it cannot be held liable for negligence and summary judgment was appropriately granted.

[15] The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.