

IN THE

# Court of Appeals of Indiana



FILED

Dec 31 2024, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Yerano Martinez and Jessica Martinez,

*Appellants-Plaintiffs*

v.

Jeffrey Smith; Board of Commissioners for Miami County; Miami County Highway Department; and State of Indiana

*Appellees-Defendants*

December 31, 2024

Court of Appeals Case No.
24A-CT-1272

Appeal from the Marion Superior Court

The Honorable John M.T. Chavis II, Judge

Trial Court Cause No.
49D05-2005-CT-15308

**Opinion by Judge Weissmann**
Judges Vaidik and Foley concur.

**Weissmann, Judge.**

[1] Yerano Martinez drove through a stop sign (denoted by the arrow in the below image) and collided with another vehicle at the following four-way intersection in Miami County.[1]



[2] Claiming he did not see the stop sign because it was obstructed by a bush, Martinez sued the landowner alleging negligent maintenance of the bush.[2] The landowner countered that landowners have no duty to protect motorists from

---

[1] The image was taken the day after the collision. App. Vol. II, p. 160 (arrow added).

[2] Martinez also sued the State of Indiana and Miami County, and those cases are still pending. This case is before us via Indiana Trial Rule 54(B), which allows for the entry of a final judgment for only a subset of parties or claims.

conditions that remain entirely on their property and do not intrude upon the roadway. *Reece v. Tyson Fresh Meats, Inc.*, 173 N.E.3d 1031 (Ind. 2021). The trial court agreed and granted summary judgment in the landowner's favor.

[3] On appeal, Martinez argues: 1) our Supreme Court in *Reece* meant to extend the duty beyond the roadway to include visual obstructions within the county's right-of-way easement; 2) though the bush did not physically intrude onto the roadway, it nonetheless "visited itself" upon the road by affecting traffic operations; and 3) public policy concerns should impose a duty where visual obstructions endanger motorist safety. Each of these arguments is merely an invitation to reshape our Supreme Court precedent as it relates to the duty landowners owe to the motoring public. We decline to do so and affirm the trial court's judgment.

## Facts

[4] Both parties agree that the county had a right-of-way easement that extended twenty feet from the center line of the road onto the landowner's property. The bush at issue grew partly on the landowner's yard and partly in the easement, but did not grow or intrude onto the roadway.

[5] Martinez claimed the landowner owed passing motorists a duty to reasonably inspect and maintain the portion of his roadside property burdened by the easement to "remedy obstructions impeding the view of the stop sign for the traveling public." App. Vol. II, p. 27. In response, the landowner moved for summary judgment against Martinez, arguing he did not owe motorists a duty

of care because the bush did not intrude upon the roadway and thus he was entitled to summary judgment under *Reece*. 173 N.E.3d 1031. The trial court granted summary judgment and Martinez appeals.

## Discussion and Decision

[6] When reviewing summary judgment rulings, we apply the same standard as the trial court. *Fox v. Barker*, 170 N.E.3d 662, 665 (Ind. Ct. App. 2021). Summary judgment is appropriate when the movant (landowner) shows there are no genuine issues of material fact and that he is entitled to a judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C).

[7] The issue dispositive to this summary judgment motion is whether the landowner owed Martinez a duty of care regarding the condition of his roadside property. *See Safeco Ins. Co. of Ind. v. Blue Sky Innovation Grp., Inc.*, 230 N.E.3d 898, 906 (Ind. 2024) (noting that plaintiff alleging negligence must show, among other things, that defendant owed duty to plaintiff). Where, as here, the pertinent facts are undisputed, we determine whether a duty exists as a matter of law. *See Reece*, 173 N.E.3d at 1033 (noting that court generally decides existence of duty as matter of law, except where preliminary facts first must be found).

[8] In 2021, our Supreme Court adopted a bright-line rule: "landowners owe a duty to passing motorists on adjacent highways not to create 'hazardous conditions that visit themselves upon the roadway'; but when a land use or condition that may impose a visual obstruction is 'wholly contained on a landowner's

property, there is no duty to the traveling public.'" *Reece*, 173 N.E.3d at 1034 (quoting *Sheley v. Cross*, 680 N.E.2d 10, 13 (Ind. Ct. App. 1997)). In other words, landowners must protect motorists from hazards that extend onto the roadway but have no duty regarding conditions that remain entirely on their property. Applying this rule in *Reece*, the Court found the landowner owed no duty to motorists where his tall grass did not encroach upon the roadway and was fully contained on his property. *Id.* at 1041.

[9] While the Supreme Court primarily used the term "roadway" throughout its opinion, it twice referred instead to the "public right of way." Martinez seizes on this variation in language, arguing that the "public right of way" includes both the road surface as well as the strip of roadside land over which the county has an easement. Under this reading, landowners would have a duty to address hazards not only on the road itself, but also contained within the county's easement area—even if those hazards never touched the road surface. But this argument misinterprets our Supreme Court's use of the terms, and in turn, extends the scope of the duty set out in *Reece*.

[10] The Supreme Court used "public right of way" as follows:

First, in the opening paragraph of the discussion:

> "Here, the tall grass in the ditch was indisputably confined to Tyson's property, and because that visual obstruction did not intrude on the *public right of way*, Tyson did not owe a duty to the traveling public." *Id.* at 1034 (emphasis added).

And then later, before adopting the rule:

> "We are thus tasked with determining the correct approach for conditions that do not intrude on the *public right-of-way* but rather are visual obstructions contained wholly on the land." *Id.* at 1040 (emphasis added).

[11] These isolated word choices do not show an intent to extend the duty to hazards existing in easements, as Martinez claims. Rather, a reading of the entire opinion shows that this word choice was meant to convey "public right of way" as a synonym for "roadway" which refers to the road surface itself. Throughout the opinion, "roadway" was used 17 times while "public right of way" was used only twice.[3] The Court engaged in parallel use of the two terms, which further demonstrates its intent to use the terms synonymously. *Compare id.* at 1034 ("the tall grass . . . did not intrude on the *public right of way*") (emphasis added), *with id.* at 1041 ("the tall grass . . . did not encroach upon the *roadway*") (emphasis added). And critically, the Court's final recitation of the newly-adopted rule contained only the term "roadway."

[12] Our conclusion—that the Supreme Court intended to limit the duty to the roadway—is consistent with the cases underlying the rule adopted by the *Reece* Court. In *Sheley v. Cross*, the case from which the Court adopted the rule, the court found no duty on behalf of the landowner whose crops obstructed the view of traffic but did not encroach upon the roadway. 680 N.E.2d 10 (Ind. Ct. App. 1997). And though the cases underpinning *Sheley* applied slightly different

---

[3] The phrase "right of way" also appeared twice, but only when the Court quoted *Pitcairn v. Whiteside*, 109 Ind. App. 693, 34 N.E.2d 943 (Ind. Ct. App. 1941), the first in a line of cases discussed when the Court surveyed the relevant caselaw. *Reece*, 173 N.E.3d at 1035.

tests, they all contemplated a duty only where hazards existed on the traveled roadway. *See generally Pitcairn v. Whiteside*, 109 Ind. App. 693, 34 N.E.2d 942 (smoke blown over road); *Blake v. Dunn Farms, Inc.*, 274 Ind. 560, 413 N.E.2d 560 (1980) (horse on road); *Snyder Elevators, Inc. v. Baker*, 529 N.E.2d 855 (Ind. Ct. App. 1988) (trucks on road); *Holiday Rambler Corp. v. Gessinger*, 541 N.E.2d 559 (Ind. Ct. App. 1989) (influx of traffic on road); *Valinet v. Eskew*, 574 N.E.2d 283 (Ind. 1991) (fallen tree on car on road).

[13]     The *Reece* Court's deliberate use of the word "public" when referring to a right-of-way shows that it meant to impose a duty only on areas the traveling public uses, like roadways. This word choice matters because it distinguishes roadways from county right-of-way easements, which aren't necessarily public areas. Further supporting this interpretation, the *Reece* Court never mentioned the existence of county right-of-way easements, even though such easements may have existed. This suggests these easements were not relevant to the Court's analysis.[4] Instead, the Court focused on one question: whether the hazard existed on the roadway, i.e. the area used by traveling motorists.

---

[4] Because of this, we also reject Martinez's argument that "roadway" and "public right of way" both refer to "the traveled and non-traveled portions of a governmental entity's right-of-way easement." Appellant's Reply Br., p. 4. Adopting this definition would require ascertainment of the county easement's scope in order to assess the boundaries of a "roadway." And because the *Reece* court never mentioned easements, this cannot be the proper interpretation of the term "roadway."

Additionally, Martinez supports this argument by citing various sections of the Indiana Code. However, the *Reece* Court did not cite to or ground its analysis in statute. Even so, the definition of these terms throughout the Indiana Code is far from consistent.

[14] Here, the parties agree that the obstructing bush never grew into or intruded upon the roadway. Instead, it existed in the landowner's yard with a portion of the bush within the county easement. That easement is not a roadway and therefore is outside the scope of *Reece*. Accordingly, the landowner owed Martinez no duty under *Reece*.

[15] We reject Martinez's next attempt to further obscure *Reece's* bright-line rule. He claims that though the bush did not physically intrude upon the roadway, it nonetheless "visited" itself upon the road because it affected traffic operations by blocking the stop sign. Appellant's Br., p. 13. But allowing such indirect effects to satisfy the "visiting" requirement is at odds with *Reece's* language of encroachment *onto* the roadway and would completely replace the analysis set out by our Supreme Court. Moreover, the cases that Martinez relies upon provide no support for his position, as they involve hazards that directly intrude upon the roadway. *See generally Pitcairn*, 109 Ind. App. 693, 34 N.E.2d 942 (smoke blew onto roadway); *Holiday Rambler*, 541 N.E.2d 559 (influx of motorists on roadway).

[16] Martinez makes a final argument that applying an interpretation of *Reece* other than his own would threaten the safety of motorists. But that is not a decision for our court to make. "[W]e are bound by our supreme court's decisions, and its precedent is binding on us until it is changed by our supreme court or legislative enactment." *Fox v. Franciscan Alliance, Inc.*, 204 N.E.3d 320, 327 (Ind. Ct. App. 2023).

[17] Because the designated evidence establishes that the bush did not extend into the roadway, the landowner did not owe a duty of care to Martinez as a matter of law. We therefore affirm the trial court's grant of summary judgment.

Vaidik, J., and Foley, J., concur.

ATTORNEYS FOR APPELLANT

Scott A. Faultless
Sidney M. Lewellen
Craig Kelley & Faultless LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Sheila M. Sullivan
Flynn & Sullivan PC
Indianapolis, Indiana